421 A.2d 775

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Freddie Marlin GOOSLIN.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Petition for Allowance of Appeal Denied Dec. 2, 1980.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellant.

Robert S. Trigg, Lancaster, for appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

BROSKY, Judge:

Appellee, Freddie Marlin Gooslin, was charged with escape [1] after his failure to return from a work–release program in which he was participating while incarcerated for an earlier conviction. [2] Prior to trial on the escape charge, appellee's request for parole from the sentence he was then serving was denied based upon his violation of the conditions of the work–release program.

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. 18 Pa.C.S. Section 5121.

2. Appellee was originally sentenced to serve not less than that time already served nor more than 12 months for operating a motor vehicle while under the influence of alcohol and granted immediate parole. Parole was subsequently revoked on August 11, 1978 and appellee directed to serve balance of his original sentence.

▮ Subsequently, appellee's omnibus pre–trial motion filed in the instant case was granted and the escape charge dismissed by virtue of the lower court's determination that prosecution upon the same set of circumstances which had earlier caused the court to deny the petition for parole—appellee's failure to return from his work–release—fell within the protection against double jeopardy afforded by *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand 455 Pa. 622, 314 A.2d 854 (1974). The Commonwealth has appealed from the dismissal.[3]

Our appellate courts have classified the prohibition against double jeopardy as being threefold. It protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishment for the same offense. See *Commonwealth v. Grazier*, 481 Pa. 622, 393 A.2d 335 (1978). See also, *Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978).

▮ We believe the circumstances of the instant case do not place it within those guidelines and, accordingly, find no violation of appellee's constitutional right against double jeopardy.

In so doing, we dismiss at the outset any suggestion that the lower court's consideration of appellee's conduct—specifically, his failure to return to the correction facility—at a hearing for his application for parole can be deemed a prosecution for a criminal offense arising from such conduct. On the contrary, it was appellee's request for parole, rather than a proceeding initiated by the Commonwealth, which necessitated the court's review of appellee's conduct.

3. The Commonwealth may appeal from an adverse ruling where, as here, the question involved is purely one of law. See *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 204 (1963); *Commonwealth v. Melton*, 402 Pa. 628, 168 A.2d 328 (1961); *Commonwealth v. Hartman*, 383 Pa. 461, 119 A.2d 211 (1956); *Commonwealth v. Wallace*, 114 Pa. 405, 6 A. 685 (1886).

The fact that that conduct also constitutes a criminal offense for which appellee was later (instantly) prosecuted does not transform the parole hearing into a prosecution. Thus, the instant prosecution is not, as appellee maintains, a second, but rather the initial prosecution. On that basis, *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d (1973), on remand 455 Pa. 622, 314 A.2d 854 (1974), is inapposite.

■ Similarly, neither do we believe that the instant prosecution exposes appellee to multiple punishment within the intended purview of his constitutional guarantee against double jeopardy. The granting of parole is not a right, but rather a matter of discretion. *Commonwealth ex rel. Hendrickson v. State Board of Parole*, 409 Pa. 204, 185 A.2d 581 (1962); *Commonwealth v. Brittingham*, 442 Pa. 241, 275 A.2d 83 (1971). See also *Commonwealth v. Colding*, 237 Pa.Super. 612, 352 A.2d 554 (1975). As such, while the determination not to exercise that discretion may be based upon, and thus attributable to, specific conduct of the applicant, we cannot conclude the denial of parole constitutes punishment as would result following a successful prosecution. A denial of parole more accurately amounts to the court's refusal to grant the applicant that privilege.

To conclude otherwise would be to allow appellee, or one similarly situated, to thwart the Commonwealth's efforts to prosecute him by having previously sought and been denied parole based upon the same conduct. No basis exists for such a result.

For the foregoing reasons, we cannot conclude that the prosecution of appellee upon the escape charge violated his constitutional guarantee against double jeopardy. Accordingly, we reverse the lower court's dismissal of such charge and remand the case for trial.

WICKERSHAM, J., files a concurring statement.

**WICKERSHAM, Judge, concurring:**

I concur in the result.