527 A.2d 1055

**COMMONWEALTH of Pennsylvania**

v.

**Jason MYSNYK, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1987.

Filed June 29, 1987.

Jack E. Grayer, Bethlehem, for appellant.

Paul Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

BROSKY, Judge:

 This appeal is from the judgment of sentence entered on July 9, 1986. Appellant was convicted in a bench trial of theft by unlawful taking. Appellant now contends: (1) that the sentence imposed below is violative of double jeopardy, and hence unlawful;[1] and (2) that the sentencing court abused its discretion in imposing a sentence within the aggravated range of the sentencing guidelines. Upon consideration of the arguments raised, we now affirm the judgment of sentence.

Appellant was arrested on February 11, 1986, for siphoning gasoline from a flatbed truck. At the time of the arrest, appellant was on parole and probation from two previous theft convictions. Appellant pled guilty to the current offense in the July 1, 1986 bench trial before Judge Connelly, and was sentenced on July 9,[2] 1986, to six (6) to twelve (12) months confinement, which was to run concur-

---

**1.** Appellant did not raise this issue in his motion to modify sentence filed on July 18, 1986. This is because appellant's parole and probation on two previous convictions, Nos. 296 and 297, were not revoked until the hearing of July 28, 1986, before President Judge Pfadt. Normally, where a sentencing judge expressly grants reconsideration of the original sentence, in response to a motion to modify, within the thirty-day appeal period, and modifies the sentence, an appeal must be taken from the new judgment of sentence, and a new motion to modify filed, in order to preserve any challenge to the modified sentence. See *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342, 1345–46 (1984); see also *Commonwealth v. Broadie*, 339 Pa.Super. 394, 489 A.2d 218, 220 (1985). However, the original sentence in the instant case was not expressly modified by the sentencing judge, Judge Connelly, but increased by the revocation of parole by President Judge Pfadt, thereby creating some procedural confusion. As a rule, we might be inclined to yet quash pursuant to Gordon and Broadie. However, the challenge to the increase in sentence, in alleging a double jeopardy violation through later revocation of parole and probation, raises an issue of sentence legality, which can never be waived, see *Commonwealth v. Bossche*, 324 Pa.Super. 1, 471 A.2d 93, 95 (1984). As such, we shall be considering the merits of the double jeopardy challenge.

**2.** The notice of appeal states that this appeal is from the judgment of sentence on July 7, 1986. As there were no proceedings on July 7, we presume this to be a typographical error, which we may excuse under Pa.R.A.P. 105(a).

rently to the sentence of probation imposed in 1984 on the conviction at bill of information No. 297.[3]

On July 18, 1986, a hearing was held before President Judge Pfadt, who had sentenced appellant on the 1984 convictions. Judge Pfadt revoked appellant's parole for No. 296, and ordered that he serve the remainder of the original sentence of confinement. With respect to No. 297, Judge Pfadt revoked the order of probation, and sentenced appellant to a six (6) to twelve (12) month period of confinement, to run consecutively to the remaining confinement time on the sentence for No. 296.

Appellant's initial contention is that the revocation of parole and probation for the 1984 convictions illegally increased the 1986 sentence of confinement he was given by Judge Connelly, thereby violating his constitutional protection from double jeopardy. We disagree.

Appellant places reliance upon *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971). In *Silverman*, the Pennsylvania Supreme Court was faced with an unusual scenario, in which a trial judge, following the imposition of the defendant's sentence, had "second thoughts" about its leniency, and called the defendant into court once again to increase the sentence. Our Supreme Court determined this to be violative of double jeopardy, and based its rationale upon the landmark United States Supreme Court case of *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873). However, the U.S. Supreme Court abandoned the reading given *Lange* by the *Silverman* Court, in the later decision *U.S. v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In *DiFrancesco*, the U.S. Supreme Court undertook a thorough analysis of the English common law approach to the double jeopardy principle, as well as of

3. At the time of the 1984 convictions on bills No. 296 and 297, appellant was sentenced to serve eleven and one-half (11½) to twenty-three (23) months confinement on No. 296, with a three year probationary period for No. 297 to commence at the end of his confinement at No. 296. Appellant was paroled at No. 296 after serving the 111/2 month minimum, and began to serve his probation for No. 297 upon his release.

relevant decisions of the Court subsequent to *Lange*, and came to the conclusion that "a sentence does not have the qualities of constitutional finality that attend an acquittal ...", *DiFrancesco*, 101 S.Ct., at p. 436. Upon so concluding, the Court continued to state the following with respect to the applicability of the double jeopardy clause to sentencing increases:

*The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be.* Congress has established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered to be violative of the Clause. Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment. (citation omitted). There are other situations where probation may be revoked and sentence of imprisonment imposed. (citations omitted). While these criminal sanctions do not involve the increase of a final sentence, and while the defendant is aware at the original sentencing that a term of imprisonment later may be imposed, the situation before us is different in no critical respect. Respondent was similarly aware that a dangerous special offender sentence is subject to increase on appeal.
*His legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked.*

\* \* \* \* \* \*

The guarantee against multiple punishment that has evolved in the holdings of this Court plainly is not involved in this case. *As Ex parte Lange demonstrates, a defendant may not receive a greater sentence than the legislature has authorized. No double jeopardy problem would have been presented in Ex parte Lange if Congress has provided that the offense there was pun-*

*ishable by both fine and imprisonment,* even though that is multiple punishment.... *DiFrancesco,* 101 S.Ct. at pp. 437, 438. (Emphasis supplied).

Following *DiFrancesco,* our own Court was confronted with a double jeopardy challenge in the case of *Commonwealth v. Gonzales,* 350 Pa.Super. 373, 504 A.2d 886 (1986). In *Gonzales,* the defendant had been convicted of third degree murder, and had already begun to serve a *three* (3) to twelve (12) year sentence, when the trial court *sua sponte* reconvened, and resentenced defendant to an increased *five* (5) to twelve (12) year sentence, pursuant to the Mandatory Minimum Sentencing Act,[4] 42 Pa.C.S. § 9712. In reaching its decision that the resentencing was not barred by double jeopardy, our Court noted the following:

> *DiFrancesco* advances two basic tenets. First, the Double Jeopardy Clause bars multiple punishment, i.e. punishment in excess of that permitted by law. *United States v. DiFrancesco, supra,* 449 U.S. at 139, 101 S.Ct. at 438, 66 L.Ed.2d at 347. Second, that clause respects the defendant's "legitimate expectations" regarding the length of his sentence. *Id.* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346.
>
> \* \* \* \* \* \*
>
> We find that the principles set forth in *DiFrancesco* apply here and so reject appellant's double jeopardy claim. Appellant was not "punished in excess of that permitted by law" when he was sentenced correctly for the first time in compliance with section 9712 on October 7, 1983. Nor did appellant have a legitimate expectation of receiving his initial sentence for three reasons: the first of these being the general lack of finality accorded to sentences; the second being the statutory right afforded the sentencing judge to modify a sentence within thirty days of imposition; and finally, appellant's awareness that the Mandatory Minimum Sentencing Act and its relevant appeal provisions could be applied in this case.

**4.** The Act was already in effect at the time of Gonzales' initial sentencing.

*"The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be."* United States v. DiFrancesco, *supra* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346. *Gonzales,* supra, 504 A.2d at pp. 889, 890 (Emphasis supplied).

Turning now to the instant matter, we find that the criteria for evaluating double jeopardy claims set forth in *DiFrancesco,* and applied by this Court in *Gonzales,* operate to defeat appellant's challenge.

Clearly, appellant was resentenced within the statutory limits. The periods of confinement to which appellant was resentenced by Judge Pfadt are periods to which appellant could have originally been sentenced in 1984. See 18 Pa. C.S. § 3903(b), for misdemeanor gradings; 204 Pa.Code § 303.9, *reprinted following* 42 Pa.C.S. § 9721, for guideline ranges.

■ Moreover, appellant cannot claim that he had a "legitimate expectation" that probation and parole would not be revoked, despite the ten-day delay between the original sentencing hearing and the second hearing. A defendant who violates the conditions of his parole and/or probation, is placed in the same position that he was in at the time of the original conviction. The sentencing court has the statutory authority to resentence a defendant to a term of total confinement as punishment for the violations, and such punishment will not constitute a "second punishment" for the same offense. See 42 Pa.C.S. § 9721(a), § 9771(b) and (c); also see *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982) and *Commonwealth v. Hunter,* 321 Pa.Super. 333, 468 A.2d 505 (1983).

■ As such, we now hold that the increase in appellant's sentence was not violative of double jeopardy.

Appellant's second contention pertains to the period of confinement imposed by Judge Connelly at the July 9 sentencing. Appellant contends that the imposition of a sentence in the aggravated guideline range for theft by unlaw-

ful taking, was manifestly excessive. We are unable to reach the merits of appellant's second contention.

■■■ A challenge to a sentence as "manifestly excessive" clearly attacks a discretionary aspect of the sentence imposed. Where a purely discretionary aspect of a sentence is being challenged, a separate statement, demonstrating that a "substantial question" is posed by the aspect under attack, must be included in an appellant's brief before this Court may address the merits of the sentencing question posed. Pa.R.A.P. 2119(f); see also *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Appellant has not provided this Court with the separate statement required by the appellate rules and the recent *Tuladziecki* decision. Hence, we may not reach the merits of appellant's excessiveness challenge.

Judgment of sentence affirmed.