568 A.2d 201

**COMMONWEALTH of Pennsylvania**

v.

**Ronald WALKER, Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1989.

Filed Dec. 26, 1989.

Michael E. Furey, Norristown, for appellant.

Thomas E. Waters, Jr., Dist. Atty., Blue Bell, for Com., appellee (submitted).

Before CAVANAUGH, BECK and CERCONE, JJ.

OPINION BY BECK, Judge *:

This case presents significant questions concerning the power of a judge to increase the severity of the punishment for a crime after the initial sentencing hearing.

The relevant facts are not in dispute. On August 11, 1985, Ronald Walker gained entry to the home of his estranged wife and held her hostage at gunpoint for five hours. Following a jury trial in the Court of Common Pleas of Montgomery County, Walker was convicted of possessing an instrument of crime, simple assault, recklessly endangering another person, unlawful restraint, and criminal trespass. 18 Pa.Cons.Stat.Ann. §§ 907(b), 2701(a)(1), 2705, 2902, 3503(a)(1) (Purdon 1983). Post-verdict motions were denied. On December 4, 1986, the trial court imposed the following sentences: one to five years imprisonment for unlawful restraint; one to five years imprisonment for possessing an instrument of crime; one to two years imprisonment for recklessly endangering another person; one to two years imprisonment for simple assault; and seven years probation for criminal trespass. The court specified that all sentences were to run consecutively so that the aggregate sentence included minimum and maximum terms of four to fourteen years incarceration as well as an additional term of seven years probation.

Walker initially filed a notice of appeal but the appeal was discontinued. Walker then filed a pro se petition under

* The majority opinion was reassigned to this writer in August, 1989.

the Post Conviction Hearing Act (PCHA).[1] New counsel was appointed and a supplementary petition was filed. Among the issues presented was a claim that Walker's conviction for simple assault merged with his conviction for recklessly endangering another person.

On July 11, 1988, Walker appeared at a PCHA hearing before the same judge who had presided at trial and at his original sentencing hearing. The judge agreed that he had committed an error of law by imposing separate sentences for recklessly endangering another person and simple assault, so he vacated judgment of sentence on all counts. The judge reimposed identical sentences for unlawful restraint, possessing an instrument of crime, and recklessly endangering another person. However, he replaced the one to two year sentence of imprisonment for simple assault and the probationary sentence for criminal trespass with a one to seven year sentence of imprisonment for criminal trespass. Thus, Walker's total period of potential incarceration increased from four to fourteen years to four to nineteen years. Walker filed a motion to modify the new sentence that was denied. He then filed a timely notice of appeal with this court.

Appellant challenges the legality of his new sentence under the due process and double jeopardy clauses of the federal constitution.[2] These claims merit serious considera-

1. 42 Pa.Cons.Stat.Ann. §§ 9541–9551 (Purdon 1982). The Post Conviction Hearing Act was modified in part, repealed in part, and renamed the Post Conviction Relief Act by Act of April 13, 1988, No 47, §§ 3–4, 1988 Pa.Legis.Srv. 227, 229–232. *See* 42 Pa.Cons.Stat.Ann. §§ 9541–9546 (Purdon Supp.1986). Appellant's petition for relief was filed before the effective date of the new act and is governed by the prior law.

2. A claim that a court increased the punishment for a crime in violation of the due process clause as interpreted in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is regarded as an attack on the legality of sentence. *Commonwealth v. Maly*, 384 Pa.Super. 369, 558 A.2d 877 (1989); *Commonwealth v. Mikesell*, 371 Pa.Super. 209, 537 A.2d 1372 (1988). Double jeopardy claims also implicate the legality of sentence. *Commonwealth v. Hartz*, 367 Pa.Super. 267, 275, 532 A.2d 1139, 1145 (1987) (en banc) (Cirillo, P.J., concurring). Challenges to the legality of a sentence may be appealed

tion. One can imagine Walker's surprise and confusion at the PCHA hearing. He was first told that his petition for relief had been granted as to his sentencing claim. He was then notified that as a result of filing a meritorious PCHA petition, he would now be subject to an additional five years imprisonment. We conclude, nonetheless, that under the unusual facts of this case, the PCHA court did not exceed the limits of its authority by increasing appellant's maximum prison term. Accordingly, we affirm the enhanced sentence.

## I.

Appellant contends that the PCHA court violated the due process protection against enhanced sentences first recognized by the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The *Pearce* Court held that once a defendant has been sentenced, his sentence may be increased only if the longer sentence was not motivated by judicial vindictiveness. The Court further emphasized that "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.*, 395 U.S. at 725, 89 S.Ct. at 2080 (footnote omitted). In *Pearce*, the defendants successfully appealed their judgments of sentence and were reconvicted and given increased sentences following a new trial. The Court viewed these increases as unconstitutional penalties that had been imposed upon the defendants for exercising their right to judicial review.

The instant case arises in an unusual procedural posture. We deal here with a defendant who did not pursue an appeal from his original judgment of sentence but instead received a new sentencing hearing after filing a PCHA petition. *Pearce*, however, is not limited to situations in-

as of right and cannot be waived. *Commonwealth v. Smicklo*, 375 Pa.Super. 448, 455, 544 A.2d 1005, 1008 (1988) (en banc).

volving resentencing after a second trial. *See Commonwealth v. Greer*, 382 Pa.Super. 127, 141 n. 7, 554 A.2d 980, 987 n. 7 (1989) (*Pearce* applies to harsher sentence imposed by trial court after trial court granted post-trial request for resentencing); *Commonwealth v. Maly*, 384 Pa.Super. 369, 558 A.2d 877 (1989) (*Pearce* applies to harsher sentence imposed by trial court after appellate court vacated original sentence and remanded for resentencing). *Pearce* stands for the general proposition that defendants may not be coerced into foregoing constitutional, statutory, or procedural rights by instilling fear that a harsher penalty may be imposed in retaliation for pursuing those rights. *Commonwealth v. Rocco*, 375 Pa.Super. 330, 336, 544 A.2d 496, 499 (1988). Due process can no more tolerate the prospect of a defendant being punished for seeking a reduction in his sentence on collateral review than the prospect of a defendant being punished for seeking a new trial on direct appeal.

We must therefore consider whether appellant's new sentence may have been tainted by judicial vindictiveness. In some cases, the fact that a sentencing authority punished the defendant for an impermissible reason will be apparent from the record. However, in most cases, it is exceedingly difficult to establish that a judge has retaliated against a defendant for exercising legal rights. *See Pearce*, 395 U.S. at 725 n. 20, 89 S.Ct. at 2080 n. 20. The *Pearce* Court addressed this problem by establishing, subject to certain exceptions, a presumption that an increase in sentence is the product of an improper motive on the part of the sentencing authority. We must examine whether this presumption of judicial vindictiveness applies to the instant case, and if it does, whether the trial court rebutted the presumption.

Whether a presumption of vindictiveness arises depends upon the factual context in which resentencing has taken place. The presumption does not apply in the absence of a reasonable likelihood that the increase in sentence was the product of actual vindictiveness on the part of the sentenc-

ing authority. *Alabama v. Smith,* — U.S. —, —, 109 S.Ct. 2201, 2206, 104 L.Ed.2d 865, 874 (1989); *see Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 978, 89 L.Ed.2d 104 (1986) (collecting cases). *Texas v. McCullough,* provides an example of a situation in which the presumption of vindictiveness is not appropriate. McCullough was convicted of murder following a jury trial in Texas District Court at which Judge Naomi Harney presided. Under Texas law, McCullough had the option of having his sentence determined by either the trial jury or the trial judge. McCullough elected to be sentenced by the jury; the jury imposed a twenty year sentence of imprisonment. McCullough then filed a post-trial motion requesting a new trial on the basis of prosecutorial misconduct. Judge Harney granted the motion, and McCullough was retried and reconvicted. This time, McCullough opted to be sentenced by Judge Harney instead of by the jury. Judge Harney, relying in part on new evidence disclosed at the second trial, imposed a sentence of fifty years imprisonment. On appeal to the United States Supreme Court, a majority of the justices found that "[t]he facts of this case provide no basis for a presumption of vindictiveness." *Id.* at 138, 106 S.Ct. at 979.

The *McCullough* Court relied on three factors in finding that the *Pearce* presumption was not implicated. First, the enhanced sentence was imposed by a judge, while the original sentence was imposed by a jury. Second, the same judge who imposed the enhanced sentence had previously granted the defendant a new trial. Third, the defendant had the option of being resentenced by a jury and instead chose to be resentenced by a judge.

The instant case is readily distinguishable from *McCullough.* The trial judge who enhanced appellant's sentence was the same judge who had imposed the original sentence. This trial judge did not grant appellant's request for a new trial; the only "relief" that the judge provided was to replace a defective sentence of four to fourteen years incarceration plus seven years probation with a harsher

sentence of four to nineteen years incarceration. Furthermore, appellant did not have the option of selecting someone other than the original trial judge to hear his PCHA claims.

 Appellant filed a petition alleging that the trial judge had committed an error of law when he imposed the original sentence. The trial judge responded by increasing the maximum prison term of the aggregate sentence by five years. Under these circumstances, there is a genuine danger that the judge's conduct may have been influenced by vindictiveness toward the defendant. Moreover, the trial judge's action in this case may deter other defendants from challenging their sentences. One should not underestimate the chilling effect on a defendant's right to seek judicial review produced by a trial court's decision to cure a defect in a sentence by increasing its severity. We therefore conclude that where, as here, a court responds to a defendant's motion to vacate a sentence by increasing the severity of the aggregate sentence, the use of the *Pearce* presumption is clearly warranted.[3]

3. The United States Supreme Court's recent decision in *Alabama v. Smith*, —— U.S. ——, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), is not to the contrary. In *Smith*, the defendant initially pleaded guilty and was sentenced to thirty years imprisonment for rape. He withdrew his guilty plea, and following a jury trial, he was convicted and sentenced to one hundred and fifty years imprisonment for rape. On appeal, the United States Supreme Court rejected the defendant's *Pearce* claim, and held that the presumption of vindictiveness does not apply when a greater penalty is imposed after trial than was imposed after a prior guilty plea. The Court noted that:

> Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial....
>
> As this case demonstrates, in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. Finally, after trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.

*Alabama v. Smith*, —— U.S. ——, 109 S.Ct. 2201, 104 L.Ed.2d at 874 (citations omitted).

This reasoning would not support a refusal to apply the *Pearce* presumption where the judge who had presided at trial and had imposed the original judgment of sentence responded to the defen-

The remaining question is whether the trial court successfully rebutted the presumption of vindictiveness. The *Pearce* Court held that the presumption was controlling unless the new sentence was based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081. In *McCullough,* the Court modified this rule and held that the presumption could also be overcome by other forms of "objective information ... justifying the increased sentence" 475 U.S. at 142, 106 S.Ct. at 981, such as facts concerning the defendant's criminal record that were not known at the time of the initial sentencing proceeding. The current focus is on whether the judge's statements demonstrate that the increase in punishment was prompted by legitimate sentencing concerns.

In the instant case, the trial judge stated on the record at the resentencing hearing that his sole objective was to achieve the same purpose as his original sentence. Upon resentencing, a court has a valid interest in preserving the integrity of a prior sentencing scheme. *See Commonwealth v. Greer,* 382 Pa.Super. 127, 143, 554 A.2d 980, 988 (1989).[4] A judge need not ignore the fact that one count of

dant's challenge to that sentence by increasing its severity. In such a case, it is not likely that upon resentencing the judge would be aware of significant information concerning the defendant's character or his crime that was not available at the time of the original sentencing hearing. Nor is it likely that the basis for imposing a lenient sentence at the time of the original sentencing hearing would have been substantially undermined.

**4.** In *Greer,* the defendant was initially sentenced in August, 1980 by Judge Erb of the York County Court of Common Pleas to fifteen to thirty years imprisonment for rape and robbery. In September, 1980, Judge Erb vacated this sentence and scheduled a new sentencing hearing. The following month, Judge Cassimatis of the York County Court of Common Pleas sentenced appellant to fifteen to thirty years imprisonment on unrelated charges. Judge Cassimatis, who was apparently unaware that the prior sentence had been vacated, specified that the new sentence should run consecutively with the sentence imposed by Judge Erb. In March 1988, Judge Erb reimposed his original sentence for rape and robbery and specified that this sentence should run consecutively to the sentence imposed by Judge Cassimatis. On appeal, the defendant claimed that Judge Erb had violated

the original sentence must be vacated when fixing an appropriate punishment for the remaining counts. *See Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (remanding for resentencing in accordance with original sentencing scheme after sentences on several counts invalidated). Yet, in most circumstances, a judge can duplicate the effect of the original sentencing plan by adjusting the sentences on various counts so that the aggregate punishment remains the same. When a court increases the aggregate of the sentences on all counts, it is appropriate to require a showing that the absolute increase was *necessary* in order to achieve the same rehabilitative or deterrent effect as the original sentence. If a judge could have imposed the same aggregate sentence he handed down at the original sentencing hearing, and the judge instead imposes a harsher aggregate sentence, the presumption of vindictiveness could not be rebutted by invoking the need to preserve the original sentencing plan.

In the case sub judice, however, the trial judge's options were limited. As noted above, the court originally sentenced appellant to consecutive terms of one to five years for unlawful restraint, one to five years for possessing an instrument of crime, one to two years for recklessly endangering another person, one to two years for simple assault, and seven years probation for criminal trespass. The aggregate sentence was four to fourteen years imprisonment plus seven years probation. This sentence reflected the serious nature of appellant's acts of violence. *For each crime, the court had imposed a maximum term of the greatest length permitted by the law.* The court mitigated its punishment only insofar as appellant was given a probationary sentence, rather than a sentence of imprisonment, on the criminal trespass count.

*Pearce* by increasing the severity of his sentence for rape and robbery. This court found that Judge Erb was in no way motivated by vindictiveness. We concluded that Judge Erb had acted properly by adjusting his sentence in order to effectuate the sentencing scheme that he and Judge Cassimatis had originally intended.

■ Given this scenario, once the one to two years sentence for simple assault was invalidated, the court could not rearrange the remaining sentences so as to reproduce an aggregate sentence of four to fourteen years imprisonment plus seven years probation. The judge could not add one to two years onto any of the remaining sentences without exceeding the statutory limit. In order to compensate for vacating the prison term for simple assault, he had to convert the probationary sentence for criminal trespass into a prison sentence. Moreover, if he had replaced the one to seven year probationary sentence with a one to two year sentence of imprisonment, the appellant's aggregate sentence would have amounted to only four to fourteen years imprisonment instead of four to fourteen years imprisonment *plus seven years consecutive probation.* Rather than impose a more lenient sentence, the judge chose to impose a more severe sentence. Thus, he replaced the seven year probationary sentence with a one to seven year sentence of imprisonment.

The trial court concluded that a certain minimum level of punishment was essential in order for the penalty for appellant's crimes to have its intended deterrent and rehabilitative effect. Consistent with this view, the court could not impose a less severe punishment than the aggregate sentence appellant had received at the original sentencing hearing. Furthermore, it was not possible for the court to impose the same aggregate sentence appellant had received at the original sentencing hearing. Under these unique circumstances, an increased aggregate sentence was necessary to preserve the original sentencing scheme. We therefore find that appellant's enhanced sentence was not motivated by judicial vindictiveness, and that appellant is not entitled to relief under *Pearce.*

## II.

■ Appellant also argues that the trial court violated the double jeopardy clause of the fifth amendment. The double jeopardy clause is applicable to the states through

the due process clause of the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

It is well established that the double jeopardy clause does not bar an increase in the length of a sentence under all circumstances. In the seminal case of *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the United States Supreme Court upheld the constitutionality of a federal statute that authorized an increase in the defendant's sentence following an appeal by the prosecution. In doing so, the Court specifically noted, "[a]lthough it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where ... Congress has specifically provided that the sentence is subject to appeal. Under such circumstances there can be no expectation of finality in the original sentence." *Id.* at 139, 101 S.Ct. at 438. Following *DiFrancesco,* several federal courts have held that the double jeopardy clause prohibits an increase in punishment where the defendant does have a "legitimate expectation of finality" at the time of the original sentencing hearing. *United States v. Fogel,* 829 F.2d 77, 89 n. 10 (D.C.Cir.1987) (collecting cases); *see Jones v. Thomas,* —— U.S. ——, ——, 109 S.Ct. 2522, 2531–33, 105 L.Ed.2d 322, 338–40 (1989) (Scalia, J., dissenting). Other courts have found that a defendant's interest in the finality of a sentence is protected by the due process clause of the fourteenth amendment rather than by the double jeopardy clause. *See United States v. Lundien,* 769 F.2d 981 (4th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986).[5]

---

5. We are aware that a number of Pennsylvania appellate decisions have permitted a trial judge to modify judgment of sentence over the defendant's objection following the initial sentencing hearing. For example, in *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), the defendant received a two to five year sentence of imprisonment for multiple acts of theft and a concurrent five year probationary sentence for multiple acts of forgery. After the defendant's theft convictions were vacated on appeal, the Commonwealth

For present purposes, there is no need to determine the precise source and extent of the constitutional protection against disturbing the finality of a sentence. It is sufficient to note that under the facts of this case, the increase in sentence could not have offended a legitimate expectation of finality on the appellant's part. Appellant intentionally upset the finality of the original sentencing plan by challenging the legality of his term of imprisonment for simple assault. By filing a petition for collateral relief, appellant assumed the risk that his sentencing on the various counts

requested a remand for resentencing on the forgery counts. The Pennsylvania Supreme Court granted the remand request so that the trial court would have an opportunity to replace the original probationary sentence for forgery with a two to five year sentence of imprisonment for forgery. The Court emphasized that imposing a two to five year jail term for forgery would not constitute an increase in sentence since the defendant's original aggregate sentence had included a two to five year jail term. *Id.*, 512 Pa. at 594, 517 A.2d at 1284. The *Goldhammer* Court did not decide under what circumstances an aggregate increase in sentence is permissible. *See also Commonwealth v. Grispino*, 361 Pa.Super. 107, 521 A.2d 950 (1987) (finding no double jeopardy violation where aggregate sentence upon resentencing did not exceed original aggregate sentence); *Commonwealth v. Adams*, 350 Pa.Super. 506, 513, 504 A.2d 1264, 1268 (1986) (en banc) (same); *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983) (same).

On occasion, Pennsylvania courts have also rejected double jeopardy challenges in cases where the trial court actually increased the defendant's aggregate sentence at a resentencing hearing. Under the circumstances of these cases, a defendant could not have entertained a legitimate expectation of finality in his original sentence. *See Commonwealth v. Jones*, 520 Pa. 385, 554 A.2d 50 (1989) (original sentence prohibited by Sentencing Code and promptly corrected by trial judge); *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986) (original sentence amended in response to appeal by Commonwealth; statute authorized Commonwealth sentencing appeals); *Commonwealth v. Mysnyk*, 364 Pa.Super. 262, 527 A.2d 1055 (1987) (original probationary and parole sentences contingent upon defendant observing conditions of probation and parole; defendant violated conditions of probation and parole); *Commonwealth v. Gonzales*, 350 Pa.Super. 373, 504 A.2d 886 (1986) (original sentence prohibited by Mandatory Minimum Sentencing Act and promptly corrected by trial court); *Commonwealth v. Rainey*, 338 Pa.Super. 560, 488 A.2d 34 (1985) (original sentence amended in response to Commonwealth's motion to modify sentence; rule of criminal procedure authorized filing by Commonwealth of sentence modification motions); *Commonwealth v. Bossche*, 324 Pa.Super. 1, 471 A.2d 93 (1984) (original sentence resulted from fraud by defendant who misrepresented prior record to sentencing court).

would be adjusted insofar as was necessary to preserve the integrity of the original sentencing scheme. As noted above, the trial judge could not have preserved the integrity of the original sentencing scheme except by increasing the total aggregate sentence. Thus, the increase in the severity of the overall sentence in this case did not violate the double jeopardy clause or due process.

This reasoning is supported by the decision of the Sixth Circuit Court of Appeals in *Gauntlett v. Kelley,* 849 F.2d 213 (6th Cir.1988). In *Gauntlett,* a convicted sex offender was sentenced to a term of probation on condition that he take a drug that decreases sexual desire. The judge expressly noted at sentencing that if drug treatments were not available, he would have sentenced the defendant to a term of imprisonment. The defendant challenged the legality of the drug treatment condition, and his probationary sentence was vacated. On remand, the trial court then resentenced the defendant to a term of imprisonment. On appeal from the prison sentence, the circuit court held that the resentencing was constitutional since it did not transgress the defendant's legitimate expectation of finality. *Gauntlett* indicates that once a defendant succeeds in invalidating his original sentence, he cannot object to an increase in sentence, at least where the increase was imposed in order to effectuate the intent of the judge at the original sentencing hearing and was necessary to achieve that purpose. Such is the case in the instant proceeding, and therefore appellant's double jeopardy claim must fail.

### III.

■ Appellant also raises a number of other issues on appeal. We have little difficulty in concluding that these additional claims are without merit.

Appellant contends that the punishment he received for his crimes was harsh and excessive. This challenge implicates a discretionary aspect of sentence rather than a question of sentence legality. The right to appeal from a discretionary aspect of sentence is not absolute. An appeal

may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is inappropriate under the Sentencing Code. 42 Pa.Cons.Stat.Ann. § 9781(b) (Purdon 1982). *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).[6] In arguing that his sentence is excessive, appellant alleges that he is a first time offender who has been a socially upstanding and contributing member of society, and that he is the father of three children. We decline to substitute our judgment for that of the trial court regarding the weight that should be assigned to these mitigating factors when balanced against the serious nature of appellant's crimes. *See Commonwealth v. Williams*, 386 Pa.Super. 322, 327, 562 A.2d 1385, 1388 (1989) (en banc); *Commonwealth v. Billet*, 370 Pa.Super. 125, 131, 535 A.2d 1182, 1185 (1988).

Appellant raises several challenges to the decisions of the trial judge at trial and during pre-trial proceedings. He claims that the trial court erred by: 1) conducting certain pre-trial hearings during the defendant's absence; 2) failing to sustain defense objections to testimony by the victim; 3) denying a motion for a sidebar conference; 4) denying a motion for mistrial following the admission into evidence of testimony by the victim; 5) denying a motion for dismissal of charges under the doctrine of collateral estoppel; and 6) refusing to grant relief on the grounds that the verdict was against the evidence and against the weight of the evidence on the criminal trespass charge. As to these issues, we affirm on the basis of the trial court opinion.

Finally, appellant maintains that his trial counsel provided ineffective assistance. He argues that counsel was ineffective for failing to make a motion for mistrial in a timely

---

**6.** Under Pennsylvania Rule of Appellate Procedure 2119(f), the appellant should set forth in his brief a concise statement of the reasons relied upon for allowance of the appeal with respect to the discretionary aspects of sentence immediately before his arguments on the merits of the discretionary sentencing issue. Although appellant has failed to comply with Rule 2119(f), we shall overlook this defect in light of the Commonwealth's failure to object. *See Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc).

manner after statements by the victim were introduced into evidence. Since there were no grounds for declaring a mistrial, this claim is without arguable merit. Appellant also alleges that trial counsel was ineffective for all of the reasons stated in his PCHA petition. The argument section of appellant's brief relating to this allegation consists of one sentence. Appellant offers no clue as to the contents of his PCHA petition, nor has he attached the PCHA petition to his brief. Appellant's brief wholly fails to raise and develop the ineffectiveness claims stated in his PCHA petition. Accordingly, we decline to reach the merits of these claims. *See Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982).

Judgment of sentence is affirmed.

CAVANAUGH, J., files dissenting opinion.

CAVANAUGH, Judge, dissenting.

I respectfully dissent because the majority opinion permits the court below to increase the total sentence of imprisonment imposed in circumstances that are legally impermissible. The appellant was originally sentenced to an aggregate term of four to fourteen years imprisonment for various offenses, and seven years probation for criminal trespass.

Following a Post Conviction Hearing Act petition, the court determined that it had erred in sentencing the defendant to one to two years imprisonment for simple assault and vacated the sentence for that offense. It then replaced the sentence of probation for criminal trespass with a sentence of one to seven years imprisonment. Consequently, the new sentence was for a term of imprisonment of four to nineteen years.

The court below and the majority opinion justify the increase in the sentence on the basis that the trial court intended to carry out its original sentencing scheme after it properly realized that it erred in imposing a separate sentence for simple assault and recklessly endangering another

person. We fail to see how an increase in a sentence of imprisonment from *four to fourteen years*, and seven years probation, to a sentence of imprisonment to *four to nineteen years*, with no sentence of probation, sets forth the same sentencing scheme. No matter how one attempts to characterize the amended sentence of incarceration, it was substantially increased. Even if the appellant were to be considered for parole prior to serving the maximum sentence, the adverse results of the increased sentence to imprisonment are manifest. Parole is a matter of grace and not of right, and is within the discretion of the court. *Commonwealth v. Gooslin*, 280 Pa.Super. 384, 421 A.2d 775 (1980). The implications of parole violation are far more severe than violation of probation. A defendant who violates his parole may be recommitted to serve the remainder of his sentence. 61 Pa.C.S. § 331.21 and § 331.22a. Parole is the legal equivalent of imprisonment, *Commonwealth v. Thomas*, 291 Pa.Super. 263, 435 A.2d 901 (1981), whereas probation is a suspended sentence of imprisonment. *Fleagle v. Commonwealth Pennsylvania Board of Probation and Parole*, 110 Pa.Cmwlth. 227, 532 A.2d 898 (1987).

In my opinion, the increase in sentence violates the appellant's rights to due process of law. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) established the principle that due process requires that vindictiveness against a defendant must play no part in resentencing. In order to assure that there is no vindictiveness in increasing a sentence, the trial judge must affirmatively state justifiable reasons for doing so, otherwise, there is a presumption that the sentence was increased for vindictive purposes. *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). The recent case of *Alabama v. Smith*, —— U.S. ——, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) held that where there is no likelihood of vindictiveness, the burden is on the defendant to prove actual vindictiveness. In that case, the defendant was granted a new trial after he succeeded in withdrawing his guilty plea. His sentence after a jury trial was greater than it would

have been under the guilty plea, but the trial judge who was the same judge who had accepted the guilty plea, had a fuller appreciation of the nature and extent of the crime involved following the jury trial.

In the case before us, the defendant did not receive a new trial and no additional facts were brought to the court's attention. All the defendant did was properly complain that the trial judge erred in imposing separate sentences for assault and recklessly endangering another person. The court agreed and then increased the sentence for criminal trespass from seven years probation to one to seven years imprisonment.

The majority cites *Commonwealth v. Greer*, 382 Pa.Super. 127, 554 A.2d 980 (1989) to sustain the proposition that in resentencing, a court has a valid interest in preserving the integrity of a prior sentencing scheme. In *Greer, supra*, the defendant was sentenced by two different judges for factually similar but unrelated offenses. Judge Erb vacated his sentence and then resentenced the defendant for a term of imprisonment to run consecutively to that imposed by Judge Cassimatis. We stated at 382 Pa.Super. 141, 554 A.2d 980:

> However, it is abundantly clear from the record that the trial court, in effect, did not impose a harsher sentence. At the time of the original sentencing, it was the intention of the sentencing judges to have the sentences at 1009 C.A.1979 and 1060 C.A.1979 run consecutively. *Instantly, Judge Erb's decision* to have the present sentences run consecutively to those imposed by Judge Cassimatis *merely gives effect to the original sentencing scheme. Simply put, the appellant will first serve the sentences imposed by Judge Cassimatis at 1060 C.A.1979 and then will serve the sentences imposed by Judge Erb, rather than vice versa as originally intended.* (Emphasis added.)

In the case before us, the sentence to imprisonment was substantially increased and did not merely carry out the original sentencing scheme. For these reasons, I dissent and would remand for resentencing.