J-E01002-18 & J-E01003-18

2018 PA Super 283

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH FIELDS | : | |
| Appellant | : | No. 1069 WDA 2016 |

Appeal from the Judgment of Sentence Entered April 5, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0004803-2012,
CP-02-CR-0004806-2012.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| GERALD HOWARD DAVIS, JR. | : | |
| Appellant | : | No. 445 WDA 2016 |

Appeal from the Judgment of Sentence Entered February 19, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0004831-2012,
CP-02-CR-0004834-2012.

BEFORE:  BENDER, P.J.E., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON,
J., STABILE, J., DUBOW, J., KUNSELMAN, J., and MURRAY, J.

OPINION IN SUPPORT OF AFFIRMANCE BY BENDER, P.J.E.:

**FILED  OCTOBER 17, 2018**

Appellants, Keith Fields and Gerald Howard Davis, Jr., appeal from the

judgments of sentence imposed after they were resentenced following their

original sentences being vacated on collateral review. Fields and Davis contend that the post-conviction court lacked jurisdiction to vacate their sentences, and resentence them, at certain counts for which they had completed their sentences or received no further penalty. After careful review, we affirm.

The facts of Fields' and Davis' underlying convictions are not pertinent to our disposition of their appeals. We only briefly note that both men were charged with various offenses stemming from robberies that they, and a third cohort, had committed at nine separate restaurants and convenience stores in Allegheny County, Pennsylvania. On August 29, 2012, Fields and Davis both pled guilty to all of the offenses with which they were charged. Specifically, Fields pled guilty to twenty-three counts of robbery, nine counts each of conspiracy and theft by unlawful taking, eight counts each of terroristic threats and recklessly endangering another person (REAP), six counts of aggravated assault, two counts of persons not to possess a firearm, and one count each of discharging a firearm into an occupied structure, firearms not to be carried without a license, and receiving stolen property. Davis pled guilty to six counts each of robbery, aggravated assault, REAP, and terroristic threats, as well as one count each of discharging a firearm into an occupied structure, carrying a firearm without a license, theft by unlawful taking, receiving stolen property, and criminal conspiracy.

On January 18, 2013, both men were sentenced, with Fields receiving an aggregate term of 25 to 50 years' incarceration, and Davis receiving an

aggregate term of 22 to 44 years' incarceration. This Court affirmed their judgments of sentence on direct appeal. *See Commonwealth v. Fields*, 104 A.3d 55 (Pa. Super. 2014) (unpublished memorandum); *Commonwealth v. Davis*, 105 A.3d 46 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 2 (Pa. 2014).

Fields and Davis both then filed timely petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed, and amended petitions were filed on their behalf arguing, *inter alia*, that Fields and Davis had received mandatory minimum sentences for several of their robbery convictions that were rendered illegal by *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).

On February 19, 2016, the PCRA court issued an order granting Davis' petition, vacating his original judgment of sentence in its entirety, and scheduling his resentencing hearing for that same day. At the resentencing proceeding, the court imposed an aggregate term of 17 to 40 years' incarceration. Davis filed a timely notice of appeal from his new judgment of sentence, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 11, 2016, the court filed a Rule 1925(a) opinion.

In Fields' case, the PCRA court entered an order on March 11, 2016, granting his PCRA petition in part, to the extent that he challenged the legality

of his mandatory-minimum sentences. That order vacated the entirety of Fields' original judgment of sentence, and scheduled his resentencing hearing for April 5, 2016. At the resentencing hearing, the court imposed an aggregate term of 17 to 50 years' incarceration.[1] Fields filed a timely notice of appeal, and he also complied with the trial court's order to file a Rule 1925(b) statement. The trial court issued a Rule 1925(a) opinion on October 21, 2016.

Ultimately, this Court consolidated Fields' and Davis' appeals and assigned their case to a three-judge panel. Before that panel, Fields and Davis presented the following issues, respectively:

> Whether the sentencing court had jurisdiction to sentence [Fields] at count 29 ([c]riminal [c]onspiracy) when the PCRA court had no jurisdiction to grant PCRA relief as to those counts because [Fields'] sentence had already been served as to [that] count[]?

Fields' Original Brief at 24.

> Whether the sentencing court had jurisdiction to sentence [Davis] at count 5 ([REAP]) and count 23 (possession of a firearm) when the PCRA court had no jurisdiction to grant PCRA relief as to those counts because [Davis'] sentence had already been served as to those counts?

Davis' Original Brief at 16.

After hearing oral argument, the three-judge panel requested that Fields' and Davis' case be certified for *en banc* review, which was unanimously granted by our Court. Accordingly, their case was assigned to the present, *en*

---

[1] That same day, the PCRA court issued a second PCRA order denying the remainder of Fields' post-conviction claims.

- 4 -

*banc* panel, which heard oral argument by Fields and Davis on April 24, 2018. Fields and Davis also both filed substituted briefs, reiterating the identical, single issues set forth *supra*. **See** Fields' Substituted Brief (hereinafter, "Fields' Brief") at 22; Davis' Substituted Brief (hereinafter, "Davis' Brief") at 18. We will now address those claims.

Both Fields and Davis argue that under 42 Pa.C.S. § 9543(a)(1)(i), discussed *infra*, "the PCRA court had no jurisdiction to grant PCRA relief as to those counts" on which their original sentences had already been served, or on which they had received no further penalty. **See** Fields' Brief at 22; Davis' Brief at 18. More specifically, Davis takes issue with the PCRA court's vacating his no-further-penalty sentences for one count of REAP and one count of possession of a firearm, and then resentencing him to 1 to 2 year terms of incarceration for each of those convictions. **See** Davis' Brief at 30-31. The only sentence that Fields specifically identifies on appeal is his term of incarceration imposed for his conspiracy conviction at count 29. **See** Fields' Brief at 33. Fields maintains that at the time he was resentenced in 2016, he had completed his original sentence of 1 to 2 years' incarceration for that offense. Thus, Fields asserts that "[t]he PCRA court lacked jurisdiction to vacate and impose a new sentence as to any counts where [he] had already served his sentence." **Id.** at 33-34.

We begin by recognizing that "[j]urisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary." **Commonwealth v. John**, 854 A.2d 591, 593 (Pa. Super. 2004)

(citation omitted). Additionally, to the extent that Fields' and Davis' claims involve statutory interpretation of the PCRA, they constitute "a question of law, and our review is plenary and non-deferential." **A.S. v. Pennsylvania State Police**, 143 A.3d 896, 903 (Pa. 2016) (citation omitted). Our Supreme Court has directed that,

> [i]n such cases, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. [**Commonwealth v. Conklin**, 897 A.2d 1168, 1175 (Pa. 2006)], citing 1 Pa.C.S. § 1921(a). "The statute's plain language generally provides the best indication of legislative intent." **See, e.g., McGrory v. Dep't of Transp.**, … 915 A.2d 1155, 1158 ([Pa.] 2007); **Commonwealth v. Gilmour Mfg. Co.**, … 822 A.2d 676, 679 ([Pa.] 2003).

**Id.**

In the present case, Fields and Davis rely on 42 Pa.C.S. § 9543(a)(1)(i) to support their argument that the PCRA court lacked jurisdiction to disturb their sentences on certain counts. Section 9543, entitled "Eligibility for relief," states:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> **(i)** currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i) (emphasis added).  Fields and Davis essentially contend that the 'currently serving a sentence' requirement of section 9543(a)(1)(i) constitutes a bar that petitioners must overcome before the PCRA court has jurisdiction to grant them relief.

We disagree.  The plain language of section 9543 does not mention the *jurisdiction* of the PCRA court, but instead sets forth the eligibility requirements a petitioner must meet in order to obtain post-conviction relief. Notably, the language, "to be eligible for relief," implicates only the petitioner's ability to obtain a remedy through post-conviction proceedings, not the jurisdiction of the PCRA court to act on a petition.  Moreover, reading the PCRA statute as a whole, as we must,[2] supports our interpretation of the language of section 9543.  Specifically, in drafting the PCRA, the General Assembly included 42 Pa.C.S. § 9545, a separate provision addressing "Jurisdiction and proceedings."  Had the General Assembly intended the eligibility requirements of section 9543 to be jurisdictional prerequisites, it would have included that provision within section 9545.

Additionally, the cases on which both Davis and Fields rely do not convince us to adopt a different interpretation of section 9543 than that which

---

[2] **See** 1 Pa.C.S. § 1932(a) ("Statutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things.").  The PCRA relates to only one thing - namely, establishing "an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."  42 Pa.C.S. § 9542. "Statutes *in pari materia* shall be construed together, if possible, as one statute."  1 Pa.C.S. § 1932(b).

its plain language conveys. Each of those decisions simply clarifies that section 9543 requires that a petitioner be serving a sentence of incarceration *at the time relief is granted*; if they are not, they are ineligible for post-conviction relief. **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) (hereinafter, "**Ahlborn I**") (holding that the plain language of section 9543(a)(1)(i) requires that a petitioner be serving a sentence of incarceration at the time when relief is granted); **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa. Super. 2003) (stressing that "[a] petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed"); **see also Commonwealth v. Smith**, 17 A.3d 873, 904 (Pa. 2011) (reiterating the holding of **Ahlborn I** that section 9543 "preclude[s] PCRA relief where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision") (citing **Ahlborn I**, **supra**). At no point in **Ahlborn I**, **Smith**, or **Matin**, did our Supreme Court, or this Court, reference the jurisdiction of the PCRA court, or construe section 9543(a)(1)(i) as constituting a jurisdictional prerequisite to the court's ability to grant post-conviction relief.

Although neither Fields nor Davis discuss this Court's *en banc* decision in **Commonwealth v. Ahlborn**, 683 A.2d 632 (Pa. Super. 1996) (*en banc*) (hereinafter, "**Ahlborn II**"), *aff'd by* **Ahlborn I, supra**, we recognize that in that opinion, we stated that the 'currently serving' requirement of section 9543 "must be met in order to confer upon a court *jurisdiction* to hear a PCRA petition." **Ahlborn II**, 683 A.2d at 637 (emphasis in original). However, the

question of whether section 9543 implicates the PCRA court's jurisdiction to rule on a petition was not specifically at issue in ***Ahlborn II***. Instead, the specific issue on which we granted *en banc* review in ***Ahlborn II*** (and on which our Supreme Court subsequently affirmed in ***Ahlborn I***) was "the point in time (filing or hearing date) at which a petitioner satisfies the 'currently serving' requirement of the PCRA." ***Id.*** To the extent that, in assessing this issue, we erroneously construed section 9543 as implicating the PCRA court's *jurisdiction* to hear a petition, we hereby overrule ***Ahlborn II.***

In sum, we conclude that Fields' and Davis' jurisdictional argument misinterprets the plain language of section 9543, as well as the decisions in ***Ahlborn I***, ***Matin***, and ***Smith***. Accordingly, we hold that the requirements set forth in section 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition.

Based on this decision, we next conclude that Fields and Davis have waived their claim for our review. Fields and Davis specifically dispute the PCRA court's 'jurisdiction' to grant them post-conviction relief. ***See*** Fields' Brief at 22; Davis' Brief at 18. Contrary to their arguments, the relief granted by the PCRA court was *not* their resentencing; instead, it was the vacating of their original judgments of sentence, based on the illegality of their mandatory-minimum terms of incarceration. The PCRA court provided Davis this relief in its February 19, 2016 order granting his petition and scheduling resentencing for that same day. Additionally, Fields was afforded his post-

conviction sentencing relief in the PCRA court's March 11, 2016 order granting his petition, in part, and scheduling his resentencing hearing for April 5, 2016.

Although it was with these orders that the PCRA court first acted on the at-issue counts by vacating them, thus exposing Fields and Davis to resentencing on those charges, neither Fields nor Davis appealed from those orders.[3]   Instead, both men decided to appeal *from their judgments of sentence*.   Because the essence of their issue is that *the PCRA court* lacked the ability to disturb their sentences on certain counts, which the court did in *the PCRA orders* vacating those sentences, we hold that Fields and Davis have waived their challenge by not appealing from those orders.   **See Commonwealth v. Bryant**, 780 A.2d 646, 648 (Pa. 2001) (concluding that where a petitioner does not file a timely notice of appeal from the PCRA court order, he waives "future review of the decision of the PCRA court").

We also stress that, even if Fields and Davis are properly raising their claim in the present appeals from their judgments of sentence, their argument

---

[3] Clearly, those PCRA orders became final and appealable at some point, whether it was on the day they were entered, or upon the court's resentencing of Fields and Davis (and the court's issuing a second order denying Fields' remaining PCRA claims).   **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.").   As this Court recently summarized in **Commonwealth v. Grove**, 170 A.3d 1127, 1137-38 (Pa. Super. 2017), our Court has disputed precisely *when* a PCRA order - particularly, a hybrid order that grants resentencing and denies the petitioner's remaining claims - becomes final and appealable.   We cannot resolve this contested issue in the present case, however, as neither Fields nor Davis have appealed from the PCRA court's order ruling on their petitions.

is still waived. At no point during their resentencing hearings did either Fields or Davis argue that the court lacked the authority to vacate their original sentences, and resentence them, on certain counts for which they were not 'currently serving' a term of incarceration. Moreover, Fields and Davis did not assert any such challenge in a post-sentence motion. Rather, both men waited until the present appeal from their judgments of sentence to contend, for the first time, that the PCRA court lacked the authority to disturb their original sentences on certain convictions, framing that issue as a non-waivable challenge to the court's jurisdiction. Because we conclude that Fields' and Davis' claim does not implicate the PCRA court's jurisdiction, we also hold that they have waived this issue by presenting it for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Lastly, we recognize that where this Court has jurisdiction, we may address the legality of a sentence. **See Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa. Super. 2001) (citations omitted). However, the specific claim that Fields and Davis present herein - *i.e.*, that under section 9543, the PCRA court lacked 'jurisdiction' to vacate their sentences and resentence them - does not, on its face, fall within any of the three categories of non-waivable, illegal sentencing claims subject to this Court's review and correction. **See Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (reiterating that the three, narrow categories of cases to which the term of art, 'illegal sentence,' applies "are: (1) claims that the sentence fell 'outside of the legal

parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).") (citation omitted).

Moreover, while it might seem that Fields' and Davis' sentencing challenge could fall under the double jeopardy category of illegal sentencing claims, we discern no constitutional violation for several reasons. First, it was Fields and Davis who intentionally upset the finality of their judgments of sentence by challenging them collaterally through their PCRA petitions. In other words, "by filing a petition for collateral relief, [Fields and Davis] assumed the risk that [their] sentencing on the various counts would be adjusted insofar as was necessary to preserve the integrity of the original sentencing scheme." ***Commonwealth v. Walker***, 568 A.2d 201, 208 (Pa. Super. 1989), *disapproved of on other grounds by* ***Commonwealth v. Robinson***, 931 A.2d 15, 20-22 (Pa. Super. 2007) (*en banc*). Second, Fields and Davis were both resentenced to lower aggregate terms of incarceration. Our Court has held that no double jeopardy violation occurs in such circumstances. ***See Commonwealth v. Sutton***, 583 A.2d 500, 502–03 (Pa. Super. 1990) (declaring that "no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence") (citing ***Walker***, 568 A.2d at 207 n.5); ***see also Commonwealth v. Adams***, 504 A.2d 1264, 1268 (Pa. Super. 1986) (*en banc*) (concluding that, because there was no increase in Adams' aggregate

sentence, there was no double jeopardy violation). Third, Fields and Davis were each given credit for time served in their written sentencing orders. Therefore, practically speaking, they will not suffer "multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 415 (1980) (stating that double jeopardy "protects against multiple punishments for the same offense") (internal citations, quotation marks, and some brackets omitted). Accordingly, we perceive no double jeopardy violation that requires us to *sua sponte* raise such a claim and vacate Fields' and Davis' at-issue sentences based thereon.

Judgments of sentence affirmed.

Judges Panella, Lazarus and Dubow join this opinion in support of affirmance.

Judge Olson files an opinion in support of reversal in which Judges Shogan and Murray join.

Judge Stabile files an opinion in support of affirmance in which Judge Kunselman joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2018

- 13 -