**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert McMASTER, Appellee.**

Superior Court of Pennsylvania.

Argued March 10, 1999.
Filed May 11, 1999.

Mary M. Killinger, Executive Asst. Dist. Atty., Norristown, for Com., appellant.

Francis M. Walsh, Pottstown, for appellee.

Before KELLY, LALLY–GREEN, and BROSKY, JJ.

LALLY–GREEN, J.:

¶ 1    The Commonwealth appeals the Order granting Appellant, Robert McMaster, bail pending parole.  We vacate the order and remand for proceedings consistent with this opinion.

¶ 2    The record reveals that on April 20, 1992, a jury convicted Appellant, Robert McMaster, of involuntary deviate sexual intercourse (IDSI) and incest.  The convictions stemmed from the following facts, as previously summarized by a panel of this Court:

> From December 20 through December 29, 1988, [A]ppellant, who was then residing in Canada, went to Bryn Athyn, Montgomery County, to visit his wife and three children, from whom he was separated.  On Christmas morning, according to A.L., [A]ppellant's daughter, who was four years old at the time, [A]ppellant took her into her bedroom and 'put his penis in [her] mouth and he peed in [her] mouth and some stuff came out of his penis and he told [her] to swallow it, and [she] did.'  Thereafter, the victim testified, [A]ppellant turned around and 'pooped' into her mouth and forced her to chew it.  The victim further stated that [A]ppellant had also 'licked and kissed' her private parts.  Subsequently, the victim described two other incidents during [A]ppellant's visit in which he 'pooped and peed' into her mouth.  During one of these incidents, the victim said, [A]ppellant took pictures of her while she was naked.  Also, according to the victim, [A]ppellant threatened that if she told her mother about what [A]ppellant was doing he would 'kill [her] brother and sister and chop them up.'

*Commonwealth v. McMaster*, 446 Pa.Super. 261, 666 A.2d 724, 726–27 (1995).

¶ 3    At trial, the Commonwealth introduced evidence that in April, 1989, a throat culture taken from A.L. had tested positive for gonorrhea.  *Id.* at 728.  Although defense counsel argued to exclude this evidence on the ground that the Common-

wealth had no evidence that Appellant ever tested positive for gonorrhea, the Court permitted the Commonwealth to introduce the test results as evidence that A.L. had been sexually assaulted. *Id.*

¶ 4 The record further reveals that following his convictions, Appellant's bail was revoked and he was incarcerated on April 24, 1992. Thereafter, the trial court sentenced Appellant to serve concurrent terms of imprisonment of five to ten years for the IDSI conviction and one to five years for the incest conviction, with credit for time served since April 24, 1992.

¶ 5 On direct appeal, a panel of this Court vacated judgment of sentence and remanded for an evidentiary hearing on the sole issue of whether trial counsel was ineffective for failing to present medical testimony that Appellant tested negative for gonorrhea. *McMaster*, 666 A.2d at 734. On remand, following an evidentiary hearing, the trial court found Appellant's trial counsel ineffective and granted a new trial. The Commonwealth then appealed.

¶ 6 On May 13, 1997, the trial court granted Appellant's motion for bail pending appeal and released Appellant on $5,000 bail. The court required that Appellant: remain in Pennsylvania; surrender his passports; report to the Montgomery County probation office each and every month; have no contact with the victim, his ex-wife or in-laws, except in legal settings; and obtain and maintain employment. On July 3, 1997, the court amended its May 13, 1997 order and continued bail pending appeal in the amount of $5,000. The court required, *inter alia,* that Appellant: obtain a residence in Ontario, Canada; sign waivers of extradition; and report to the Royal Canadian Mounted Police each and every month. The record fails to reveal the court's rationale for amending the May 13, 1997 bail order.

¶ 7 On November 18, 1997, a panel of this Court reversed the trial court's grant of a new trial and remanded for resentencing after finding that counsel was not ineffective because the evidentiary record reflected that: the gonorrhea test performed on Appellant was not reliable; the evidence presented at the evidentiary hearing was not available on direct appeal; and the medical testimony presented at the evidentiary hearing was not exculpatory. *Commonwealth v. McMaster*, No. 01092 Philadelphia 1997, unpublished memorandum at 4–6, 707 A.2d 551 (Pa.Super. filed November 18, 1997).

¶ 8 On September 14, 1998, the court resentenced Appellant and imposed the original sentence of concurrent terms of imprisonment of five to ten years for the IDSI conviction and one to five years for the incest conviction. The court entered an order that "released" Appellant on $5,000 "bail pending his being paroled" by the Pennsylvania Board of Parole under the same terms and conditions stated in its July 3, 1997 order. Trial Court Order of September 14, 1998, incorporating by reference Bail Order of July 3, 1997. This appeal followed.

The Commonwealth raises one issue on appeal:

> Did the court err when it refused to return [Appellant] to the Department of Corrections so that the Board of Probation and Parole could determine his eligibility for parole?

Commonwealth's Brief at 2.

¶ 9 Before addressing the merits of the issue as framed by the Commonwealth, we must first set out certain rules governing bail and address the preliminary question of whether a sentencing court has the authority to grant "bail pending parole." The Pennsylvania Rules of Criminal Procedure define "bail" as "the security or other guarantee required and given for the release of a person, conditioned upon a written undertaking, in the form of a bail bond, that the person will appear when required and comply with all conditions set forth in the bail bond." Pa. R.Crim.P. 3. When a defendant is released on bail, one of the mandatory conditions of the bail bond is that the defendant will

"appear at all times required until full and final disposition of the case." Pa. R.Crim.P. 4005(a)(1). In addition, unless bail is revoked, a post-verdict bail bond is valid until full and final disposition of the case. Pa.R.Crim.P. 4014. The intent of this rule is to continue the validity of the bail bond through all avenues of direct appeal in state courts, but to exclude any post-conviction collateral proceedings. Pa. R.Crim.P. 4014 cmt. On the basis of the rules governing bail for post-verdict release as set forth in Pa.R.Crim.P. 4009-16 and the comments thereto, we interpret the phrase "full and final disposition of the case" to mean the time at which direct review of appellant's conviction ends. Thus, a court may allow bail pending appeal after a finding of guilt, so long as an avenue of direct appeal is open.[1] Pa. R.Crim.P. 4009 & cmt.

¶ 10 The Rules of Criminal Procedure regarding post-verdict bail make no provision for "bail pending parole." As stated above, bail is the security a person gives to be released from confinement and is conditioned on a bail bond that the person will appear at subsequent proceedings as required until full and final disposition of the case. Pa.R.Crim.P. 3; Pa.R.Crim.P. 4005(a)(1).

■ ¶ 11 Here, the initial inquiry is whether Appellant's case was "fully and finally disposed of." The record reveals that on November 18, 1997, this Court reversed the trial court's grant of a new trial and remanded for resentencing upon finding that counsel was not ineffective. *McMaster*, No. 01092 Philadelphia 1997. This finding constituted the reimposition and affirmance of judgment of sentence. Pa.R.A.P. 1113; *McMaster*, 666 A.2d at 734. Appellant failed to petition for allowance of appeal to our Supreme Court within 30 days of this Court's reversal. Thus, as of December 18, 1997, Appellant was no longer eligible for release on bail, as his case was "fully and finally disposed of." Accordingly, on this ground alone, the learned trial court erred in releasing Appellant on bail pending his being paroled.

■ ¶ 12 We now address the Commonwealth's issue of whether the court erred when it refused to return Appellant to the Department of Corrections so that the Parole Board could determine his eligibility for parole. Parole is a conditional release from prison before the completion of sentence. *See* PENNSYLVANIA CRIMINAL PRACTICE MANUAL, Vol. 2, Ch. 32 § 32.01 at 2 (West 1997). The Pennsylvania Parole Board is statutorily authorized to release on parole any convict confined in any Pennsylvania penal institution when the Board is granted such power and whenever, in its opinion, the interests of the convict justify or require parole, and the interests of the Commonwealth will not be injured by the grant of parole. 61 P.S. § 331.21.

■ ¶ 13 In Pennsylvania, the authority to parole convicted offenders lies with the Common Pleas Court when the offender is sentenced to a maximum term of imprisonment of less than two years, and with the Parole Board when the sentence is in excess of two years. *Commonwealth v. Tilghman*, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995), *aff'd* 543 Pa. 578, 673 A.2d 898 (1996). Any order by a sentencing court which purports to grant parole to a person serving a maximum sentence in excess of two years is beyond the authority of the court and is, therefore, a nullity. *Commonwealth v. Harris*, 423 Pa.Super. 190, 620 A.2d 1175, 1178-81 (1993). The grant of parole is not a right, but a matter of discretion. *Commonwealth v. Gooslin*, 280 Pa.Super. 384, 421 A.2d 775, 776 (1980).

---

1. Although not applicable to the instant case, we note that a Post Conviction Relief Act petitioner may be admitted to bail pending disposition of the petition when such an order would be necessary in the interest of justice in certain exceptional cases for compelling reasons. *Commonwealth v. Bonaparte*, 366 Pa.Super. 182, 530 A.2d 1351, 1354-55 (1987) (per Kelly, J., with two judges concurring in result).

¶ 14 Here, the trial court had no power to release Appellant on bail pending parole because the trial court had no authority respecting parole. First, since parole is available only to those confined, and since Appellant is not confined, parole does not apply in Appellant's case. The Parole Act states that under certain circumstances, the Parole Board may "release on parole any convict *confined* in a penal institution of this Commonwealth..." 61 P.S. § 331.21 (emphasis added). Here, Appellant was neither confined at the time of his resentencing, nor is he confined today. Second, since Appellant's maximum sentence was in excess of two years, the authority to parole was solely within the Parole Board. *See Tilghman*, 652 A.2d at 391. Thus, the trial court did not have the authority to deal with parole in any fashion.

¶ 15 Accordingly, any possibility of Appellant being paroled at the time of sentencing, and at present, depends on his being returned to prison. Once Appellant resumes serving his sentence, the Parole Board may exercise its discretion and determine whether Appellant should be released on parole.[2] *Tilghman*, 652 A.2d at 391; 61 P.S. § 331.21.

¶ 16 Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

2. We note that following Appellant's return to prison, the Parole Board may exercise its discretion to determine whether to release Appellant on parole because the minimum of term of Appellant's imprisonment fixed by the trial court has been served and is expired. 61 P.S. § 331.21.