J-S35019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAMAR LAMONT JORDAN | |
| Appellant | No. 1574 WDA 2016 |

Appeal from the PCRA Order September 15, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003348-2012

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 6, 2017**

Appellant, Damar Lamont Jordan, appeals from the order entered September 15, 2016, denying as untimely his second petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In April 2013, Appellant pleaded guilty to third degree murder of Kendall Bryant and the aggravated assault of Ramone Lemon.[1]  **See** PCRA Court Opinion, 11/15/16, at 1.  On June 20, 2013, Appellant was sentenced to serve an aggregate sentence of twenty and one-half to forty-one years of incarceration.  Appellant's judgment of sentence was affirmed on appeal. **See Commonwealth v. Jordan**, 97 A.3d 802 (Pa. Super. 2014)

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. § 2502(c) and 18 Pa.C.S. § 2702.

(unpublished memorandum). He did not pursue allowance of appeal with the Pennsylvania Supreme Court.

In June 2014, Appellant timely filed a first PCRA petition, challenging the validity of his plea. Counsel was appointed and filed a supplemental petition on his behalf. The PCRA court issued an opinion and notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1), also amending its sentencing order so that restitution was assigned to count one only. The PCRA court then denied collateral relief. Appellant timely appealed, and this Court affirmed the dismissal. **See Commonwealth v. Jordan**, 122 A.3d 456 (Pa. Super. 2015), *appeal denied*, 128 A.3d 1205 (Pa. 2015).

On May 24, 2016, Appellant untimely filed *pro se* a second PCRA petition, arguing that his mandatory minimum sentence was illegal pursuant to **Alleyne v. United States**[2] and that his prior counsel had provided ineffective assistance of counsel. **See** PCRA Petition, 5/24/16, at 1-6. The PCRA court sent Appellant notice of intent to dismiss his petition as untimely pursuant to Pa.R.Crim.P. 907. The court then dismissed his petition.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion relying on its previous order.

_____

[2] **Alleyne v. United States**, 133 S. Ct. 1251 (2013) (holding that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt).

We have rephrased Appellant's issues for clarity. On appeal, Appellant contends that:

1. The PCRA court erred in dismissing Appellant's petition as untimely, as Appellant had been sentenced to an illegal mandatory minimum sentence under *Alleyne*, and *Alleyne* should apply retroactively to his case;

2. Prior direct appeal and PCRA counsel were ineffective for failure to raise Appellant's *Alleyne* claim;

3. The PCRA court erred in dismissing Appellant's petition as untimely, as Appellant's sentences for aggravated assault and third degree murder should have merged for sentencing purposes.

*See* Appellant's Brief at 10-17.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

We will address Appellant's first two issues together, as they are intertwined. Appellant's petition is untimely.[3] Nevertheless, Appellant asserts his claim is based upon a newly recognized constitutional right held to apply retroactively. **See** Appellant's Brief at 17 (citing in support **Alleyne**, 133 S. Ct. at 2155 (concluding that "[a]ny fact that … increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt")). Moreover, Appellant asserts, this

---

[3] Appellant's judgment of sentence became final on March 13, 2014, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court. **See** Pa.R.A.P. 1113(a); **see also Commonwealth v. McMaster**, 730 A.2d 524, 527 (Pa. Super. 1999). Accordingly, Appellant had until March 13, 2015, to timely file a PCRA petition.

- 4 -

new rule must be applied retroactively, thus entitling him to collateral relief. *Id*. (citing in support *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016)).

While the PCRA court correctly points out that in general, *Alleyne* claims are not cognizable on post collateral review, citing in support *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), this Court has recognized narrow exceptions to this rule. We have held that a petitioner is entitled to application of *Alleyne* where an appellant raises the claim in a timely PCRA petition and his judgment of sentence was not final prior to the date of the *Alleyne* decision. *See Commonwealth v. Ruiz*, 131 A.3d 54, 59-60 (Pa. Super. 2015).

*Alleyne* was decided June 17, 2013. Appellant was sentenced on June 20, 2013, three days later. Accordingly, because Appellant's judgment of sentence was not final prior to the date of the *Alleyne* decision, he had the one-year PCRA period to raise a challenge to the legality of his sentence. Unfortunately for Appellant, he did not raise his claims on direct appeal or within the one-year time period to file a PCRA. Had PCRA counsel timely raised and preserved this issue, Appellant could have retained a viable claim of ineffective assistance of appellate counsel or a challenge to the legality of his sentence. *See Ruiz*, 131 A.3d at 60, *citing* *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (recognizing that *Alleyne* applies to all criminal cases pending on direct review), *appeal denied*, 121 A.3d 946 (Pa. 2015).

However, **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014); **see also Washington**, 142 A.3d at 820. With regard to his claims of ineffectiveness of PCRA counsel, Appellant has not pleaded a circumstance that would allow the circumvention of the time bar. **See**, **e.g.**, 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Finally, Appellant argues that his sentence is illegal because his sentences for aggravated assault and third degree murder should have merged for sentencing purposes. **See** Appellant's Brief at 11-12. Appellant has not pleaded a time bar exception with regard to this claim, and although the legality of sentence may be reviewed within the PCRA, claims "must still first satisfy the PCRA's time limits or one of the exceptions thereto." **See Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa. Super. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017

- 6 -