J-S23043-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

              v.                           :
                                          :
                                          :

JOSHUA WESTOVER                   :
                                          :

          Appellant            :       No. 169 WDA 2019

Appeal from the Order Entered November 8, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000402-2010

BEFORE:    BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    FILED JUNE 11, 2019

Appellant, Joshua Westover, appeals, pro se, from the order denying her[1] "Motion for Nominal Bail." We affirm.

The procedural history underlying this appeal was previously summarized by this Court as follows:

> On January 10, 2011, Appellant pleaded guilty to two counts each of indecent assault and corruption of minors.[2] On April 6, 2011, the trial court sentenced Appellant to five to ten years' imprisonment followed by ten years' probation. Appellant did not file a direct appeal. On December 5, 2011, Appellant filed [her] first [Post Conviction Relief Act ("PCRA")[3]] petition, pro se. The PCRA court appointed counsel. Appellant filed a counseled motion to withdraw [her] petition on July 19, 2012, which the PCRA court

---

[1] While Appellant previously used male pronouns in filings before the PCRA court, Appellant uses female pronouns and refers to herself as "Ms. Westover" in the papers related to this appeal.

[2] 18 Pa.C.S. §§ 3126(a)(7) and 6301(a)(1), respectively.

[3] 42 Pa.C.S. §§ 9541–9546.

---

*    Retired Senior Judge assigned to the Superior Court.

granted the same day.  Appellant filed a second pro se petition on August 20, 2012.  The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on August 23, 2012, and dismissed the petition on November 20, 2012.  Appellant did not appeal.

On December 5, 2013, Appellant filed a third pro se PCRA petition.  The PCRA court issued a Rule 907 on December 10, 2013, and dismissed Appellant's petition on January 2, 2014.  Appellant filed a timely notice of appeal on January 28, 2014.

Commonwealth v. Westover, No. 1627 WDA 2015, unpublished judgment order at 1-2 (Pa. Super. filed April 12, 2016) (footnotes omitted).  This Court affirmed the dismissal of Appellant's third PCRA petition.  Id. at 3.

Appellant filed four additional pro se PCRA petitions on October 7, 2015, December 30, 2016, October 19, 2017, and April 19, 2018; each of these petitions was found to be untimely by the PCRA court.[4]  On November 5, 2018, Appellant filed the Motion for Nominal Bail at issue here.  In that motion,

_____

[4] Appellant filed her fourth PCRA petition, pro se, in Commonwealth Court, and this petition was transferred to the PCRA court on October 7, 2015.  The PCRA court issued a Rule 907 notice on June 23, 2016 and dismissed the petition on July 19, 2016.  Appellant did not appeal the denial of her fourth PCRA petition.  On December 30, 2016, Appellant filed her fifth PCRA petition, pro se.  The PCRA court issued a Rule 907 notice on January 5, 2017; no order, however, appears on the PCRA court's docket disposing of the fifth PCRA petition.  Appellant filed her sixth PCRA petition, pro se, on October 19, 2017.  On October 24, 2017, the PCRA court filed a Rule 907 notice, and the court dismissed the sixth PCRA petition on December 1, 2017.  Appellant did not file an appeal of the denial of her sixth PCRA petition.  Appellant filed her seventh PCRA petition, pro se, on April 19, 2018.  The PCRA court issued a Rule 907 notice on May 11, 2018, and dismissed the seventh PCRA petition on June 21, 2018.  Appellant attempted to appeal the seventh PCRA petition by filing a notice of appeal in the Supreme Court of Pennsylvania, and the notice of appeal was transferred to this Court; this appeal, however, is not presently before us.

Appellant requested that she be afforded the opportunity to post nominal bail to be released from incarceration pending the resolution of an appeal that she had filed in the Court of Appeals for the Third Circuit. Motion at 2. No PCRA petition was pending in the PCRA court on the date that Appellant filed the Motion for Nominal Bail. The PCRA court entered an order denying the Motion on November 8, 2018. Appellant thereafter filed a timely appeal of the PCRA court's November 8, 2018 order.[5]

Appellant included the following statement of questions involved in her appellate brief:

1. Is a Plea Bargain (in [its] essence) a Contract?

2. Can an Invalid Contract be enforced?

3. Can an Invalid Contract be Time Barred?

4. Does a Court of any American Power have the Jurisdiction to act Contrary to the Law, Constitution or the very Standards of Jurisprudence?

5. Does the act of enforcing an illegal contract or invalid Plea Bargain act Contrary to the Law, Constitution or Standards of Jurisprudence?

6. [Can] Jurisdiction (or the Lack of) or issues of Jurisdiction at any time be waived?

7. By constitutional Standards, enforced servitude is illegal unless <u>lawfully</u> convicted, so if one isn't Lawfully convicted an enforced servitude occurs, is one being Subject to enslavement by a Government body?

8. If All parties were aware that they lacked Jurisdiction to enforce an illegal Plea/Contract and they still did so, are they in Fact taking part in illegal slave trade/trading?

_____

[5] Appellant filed her statement of errors complained of on appeal on January 9, 2019, and the PCRA court entered its opinion on January 10, 2019.

9. Can the Presiding Judge take an Active Part in Plea Proceedings to Coerce a Defendant into taking a Plea Bargain?

10. If a Judge questions the Mental Competency of a Defendant and holds no hearing to determine said Competency, can the Defend[ant's] Competency be upheld as sound, sane, or Intelligent[?]

Appellant's Brief at 2-4 (suggested answers omitted).

The questions presented by Appellant in her brief were not preserved in this appeal. Appellant's appellate brief sets forth an entirely different set of issues as her Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[6] Because issues not presented in a concise statement are waived for purpose of appeal, each of the issues that Appellant argues in her appellate

_____

[6] Appellant stated the following errors in her Pa.R.A.P. 1925(b) statement:

1.) Petitioner has served 80% of her Time incarcerated without Parole even seeing her.

2.) Petitioner is in Fact being denied Proper Medical Care and is suing via § 1983 the D.O.C.

3.) Petitioner has a Habeas Corpus Petition pending in the Superior Court of Pennsylvania, and, as such, can apply For Nominal Bail.

4.) Petitioner will win her Case from Streets without the Financial Handicap of incarceration and will in Fact be able to afford Legal Representation which she has been denied Access to.

5.) Petitioner has never been a threat to her humble town of Rossiter, PA in Indiana County where she lived in Peace until Lies incarcerated her against her will.

6.) There's been no Opinion of the Court filed by the Presiding Judge given the fact a Court Order was Filed denying Petitioner's Motion for Nominal Bail in November of 2018, Nor is there any logical reason for Denying her Bail except as to deny a Near Certain Victory in the United States District Courts where the Commonwealth's errors are subject to Federal Laws and Standards of Review.

Pa.R.A.P. 1925(b) Concise Statement, 1/9/19, ¶¶1-6.

brief are waived. See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Commonwealth v. Proctor, 156 A.3d 261, 267 (Pa. Super. 2017) ("[I]t is well-settled that issues that are not set forth in an appellant's statement of matters complained of on appeal are deemed waived.") (citation, quotation marks, and brackets omitted).

Moreover, none of the issues argued in Appellant's brief relate to the issue of whether she is entitled to be released on nominal bail pending collateral review of her conviction in state or federal court. An issue not presented in the statement of questions presented portion of an appellant's brief is generally deemed waived except where the brief otherwise states the issue to be reviewed and the defect does not impede our ability to address the merits of the issue. Werner v. Werner, 149 A.3d 338, 341 (Pa. Super. 2016). Appellant likewise fails to raise any issues in the argument section of her brief concerning whether she was entitled to bail pending collateral review. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Wirth v. Commonwealth, 95 A.3d 822, 837 (Pa. 2014) (citation omitted). Therefore, any issue pertaining to the order denying Appellant's Motion for Nominal Bail is waived.

Even if we were to reach the merits of this appeal from the PCRA court's November 8, 2018 order denying the Motion for Nominal Bail, we would find

no grounds to reverse. We review a lower court order denying a bail application for an abuse of discretion and will reverse only where the court misapplies the law, the court's judgment is manifestly unreasonable, or the evidence of record shows that the court's decision is a result of partiality, prejudice, bias, or ill will. Commonwealth v. Bishop, 829 A.2d 1170, 1172 (Pa. Super. 2003).

Generally, "a lower court's power to set bail is valid until the defendant's direct appeal rights are exhausted," and the lower court lacks any authority to set bail during the pendency of post-conviction collateral proceedings. Commonwealth v. Dunlavey, 805 A.2d 562, 565 (Pa. Super. 2002) (interpreting Pa.R.Crim.P. 534); see also Commonwealth v. McMaster, 730 A.2d 524, 527 (Pa. Super. 1999). Nevertheless, this Court has recognized that a PCRA petitioner "may be admitted to bail pending disposition of the petition when such an order would be necessary in the interest of justice in certain exceptional cases for compelling reasons." McMaster, 730 A.2d at 527 n.1; Commonwealth v. McDermott, 547 A.2d 1236, 1242 (Pa. Super. 1988). This Court stated that such "compelling reasons" for release on bail pending the disposition of a PCRA petition include:

> egregious factual situations in which it may become so obvious to the [PCRA] court that the petitioner will ultimately prevail on the merits of his [PCRA] proceeding that it would be manifestly unjust for him to continue to serve one more day of incarceration as the result of a conviction which made a mockery of justice.

Commonwealth v. Bonaparte, 530 A.2d 1351, 1355 (Pa. Super. 1987) (Kelley, J., plurality; Cavanaugh, J. and Montemuro, J. concurring in result) (citation omitted).[7]

In this case, it is clear that the PCRA court properly denied Appellant's request to be released on nominal bail. First, there was no PCRA petition pending at the time Appellant filed her Motion.[8] While Appellant alleged in the Motion that she currently has an appeal before the Court of Appeals for the Third Circuit, we are aware of no authority that would permit a PCRA court to order the release of a state inmate on bail pending the resolution of a federal collateral proceeding. Moreover, even assuming the PCRA court could have released Appellant on bail pending the resolution of a federal post-conviction proceeding, Appellant did not identify any compelling reasons in her Motion for Nominal Bail or in this appeal that her release would be necessary in the interests of justice.[9]

Order affirmed.

_____

[7] We recognize that this language in Bonaparte is the opinion of one judge and not an opinion of the panel; this Court, however, previously relied on Bonaparte in McMaster, 730 A.2d at 527 n.1, and McDermott, 547 A.2d at 1242-43, and we also find Bonaparte persuasive here.

[8] Appellant filed her eighth PCRA petition on December 3, 2018, subsequent to the filing of Motion for Nominal Bail and the Court's November 8, 2018 order denying the Motion.

[9] Appellant did not recite any of the allegations in the federal collateral proceeding that would justify her release, simply asserting conclusively that her "Appeal will free her from the Manifest Injustice done to her." Motion ¶4 (emphasis in original).

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/11/2019</u>