J-S22035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BROWN | : | |
| | : | |
| Appellant | : | No. 2487 EDA 2021 |

Appeal from the PCRA Order Entered October 20, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002243-2011

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 28, 2022**

Anthony Brown ("Brown") appeals from the order dismissing his *pro se* second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Additionally, Brown has filed an application for bail.  We dismiss the appeal and deny the application.

In affirming the dismissal of Brown's first PCRA petition, this Court set forth the factual and procedural history of this case as follows:

> In 2013, a jury convicted [Brown] of first-degree murder and possession of an instrument of crime ("PIC") in connection with the shooting death of his brother, Rodney Brown.  The trial court sentenced him to life in prison without the possibility of parole on the murder conviction, and a concurrent term of two and one-half to five years in prison on the PIC conviction.  On March 18, 2015, this Court affirmed [Brown's] judgment of sentence, and our Supreme Court denied allowance of appeal on November 2, 2015.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

On December 16, 2015, [Brown] timely filed [his first] PCRA petition.

* * * *

The PCRA court [ultimately] issued [a] notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing . . ..

On March 16, 2017, the PCRA court entered an order . . . dismissing the petition.

**Commonwealth v. Brown**, 193 A.3d 1095 (Pa. Super. 2018) (unpublished memorandum at *1). Brown did not petition our Supreme Court for allowance of appeal following our disposition.

On December 22, 2020, Brown filed a *pro se* petition for writ of *habeas corpus* in which he alleged that 18 Pa.C.S.A. § 1102(a)[2] is unconstitutionally vague. **See** PCRA Petition, 12/22/20, at 1, 2, 4, 15-16. The lower court construed Brown's petition to be a PCRA petition, and on August 19, 2021, the court issued a Rule 907 notice of intent to dismiss the petition as untimely. Brown filed no response. The PCRA court dismissed the petition on October 20, 2021. Brown timely appealed and both he and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Preliminarily, we must discern whether Brown has adequately briefed his assertions of error to permit meaningful appellate review. Although this

---

[2] Section 1102(a) provides, apart from exceptions inapplicable here, that "a person who has been convicted of a murder of the first degree . . . shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S.[A.] § 9711 (relating to sentencing procedure for murder of the first degree)."

Court "is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of [] Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (internal citations omitted). Pennsylvania Rule of Appellate Procedure 2101 provides:

> Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal . . . may be quashed or dismissed.

Pa.R.A.P. 2101. Pennsylvania Rule of Procedure 2111 requires an appellant's brief to include, among other things, statements of: jurisdiction, the scope and standard of review, the questions involved, the case, a summary of the argument, the argument, and a conclusion stating the precise relief sought. **See** Pa.R.A.P. 2111(a)(1), (3), (4), (5), (6), (8), (9). Pennsylvania Rule of Appellate Procedure 2119 requires, *inter alia*, citation and discussion of pertinent authorities and appropriate references to the record. **See** Pa.R.A.P. 2119(a)-(c). This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See Lyons**, 833 A.2d at 252; **accord Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that "[w]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"); **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017)

(providing that "[i]t is well-established that when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof") (internal citation, quotations, and brackets omitted).

Here, we observe that Brown's brief, which is largely incomprehensible, consists of three handwritten pages, and lacks: a statement of jurisdiction, a statement of the scope and standard of review, a statement of the question involved, a statement of the case, and a summary of the argument. In the argument, there are no citations to the record with application of pertinent law thereto. The substantial defects in Brown's brief preclude meaningful appellate review. Accordingly, we dismiss Brown's appeal.

Additionally, Brown has filed an application for bail with this Court. **See** Application, 10/11/22. Because Brown has failed to present this Court with an issue meriting relief, we deny his application for bail. **See**, **e.g.**, **Commonwealth v. McMaster**, 730 A.2d 524, 527 n.1 (Pa. Super. 1999) (noting that PCRA petitioners may only be granted bail when "necessary in the interest of justice in certain exceptional cases for compelling reasons") (internal citation omitted).

Appeal dismissed. Application denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022