J-S34020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMON SHAWN WHEELER | : | |
| | : | |
| Appellant | : | No. 23 WDA 2023 |

Appeal from the PCRA Order Entered December 2, 2022
In the Court of Common Pleas of Cambria County
Criminal Division at Nos:  CP-11-CR-0001294-2019,
CP-11-CR-0001296-2019, CP-11-CR-0001301-2019

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED: March 25, 2024**

Appellant, Damon Shawn Wheeler, appeals *pro se* from the December 2, 2022 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.[1]  We affirm.

The PCRA court recited the pertinent procedural history in its Pa.R.A.P. 1925(a) opinion:

> In the case at docket 1301-2019, [Appellant] was convicted by a jury on February 20, 2020, of four counts of conspiracy to possess with the intent to deliver [("PWID")] various controlled

---

[1]  Appellant has filed a single appeal at three docket numbers, in violation of our Supreme Court's pronouncement in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  Because the PCRA court's order dismissing Appellant's petition implied that a single appeal would suffice in this case, we accept this appeal for review pursuant to **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*).

substances and one count of criminal use of a communication facility.[1]

    [1] Respectively 18 Pa.C.S.A. § 903(a)(1) and § 7512(a).

On June 22, 2020, [Appellant] was sentenced, *inter alia*, to serve an aggregate term of incarceration of six (6) to twelve (12) years in a state correctional institution. No post-sentence motions were filed and [Appellant] did not file a direct appeal. On January 19, 2021, [Appellant] filed a first PCRA petition and counsel was appointed. A hearing on the petition was held March 15, 2021, and the petition was withdrawn.

    Also on March 15, 2021, [Appellant] entered pleas to the cases at 1294-2019 and 1296-2019 as follows:

    1) To the case at 1294-2019, Count 2 Criminal Conspiracy,18 Pa.C.S.A. § 903(a)(1) to Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver 0.14 grams of Fentanyl, 35 P.S. § 780-113(a)(30).

    2) To the case at 1296-2019, Count 1 Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver 0.19 grams of Fentanyl, 35 P.S. § 780-113(a)(30).

As part of the plea agreement the Commonwealth recommended an aggregate sentence of five (5) to ten (10) years to be served concurrent with the sentence at docket 1301-2019 with an effective date of sentencing of March 15, 2021. The court accepted the pleas and imposed the recommended sentence. No post-sentence motions were filed and no direct appeal was taken.

    The [instant] petition was filed *pro se* on September 2, 2021, and counsel was appointed. A counseled amended petition was filed on November 10, 2021, and hearings were held June 24, 2022 and August 23, 2022. Counsel filed a **Turner/Finley** no merit letter[2] on September 26, 2022, and counsel was permitted to withdraw by order entered September 30, 2022, and the petition dismissed by order entered October 31, 2022. In the

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

interim [Appellant] filed a *pro se* motion to dismiss charges on September 6, 2022, a motion for bail pending appeal on September 22, 2022, and a motion for reconsideration on November 9, 2022. By order entered November 16, 2022, the court vacated its October 31st order and scheduled a hearing on [Appellant's] various motions for November 29, 2022. Following the November 29th hearing, the court entered its December 2, 2022 order denying the PCRA and dismissing the remaining motions.

PCRA Court Opinion, 2/28/23, at 2-3 (record citations omitted).

Appellant's brief to this Court and his concise statement to the PCRA court raise a host of interconnected issues. The PCRA court summarized those issues as follows:

1) Did the Court err in dismissing the petition without issuing a notice of intent do dismiss pursuant to [Pa.R.Crim.P. 907]?

2) Did the Court err in denying [collateral relief] where the Commonwealth relied on an illegal wiretap and recording?

3) Did the Court err in dismissing the petition where prior counsel had been ineffective by failing to raise the wiretap issue and in having [Appellant] plead guilty to charges that had been withdrawn at the preliminary hearing?

4) Did the Court err in denying the Petition where [Appellant] was deprived of the opportunity to obtain testimony from all prior counsel relative to their ineffectiveness?

5) Did the Court err in denying bail pending appeal?

PCRA Court Opinion, 2/28/23, at 1-2.

On review of an order denying relief under the PCRA, we must determine whether the record supports the PCRA court's fact findings and whether the court committed legal error. ***Commonwealth v. Diaz***, 183 A.3d 417, 421

(Pa. Super. 2018). We are deferential to the PCRA court's fact findings but apply a *de novo* standard of review to its legal conclusions. ***Id.***

Appellant's first argument is that the PCRA court erred in entering an order denying relief without first issuing its notice of intent to dismiss the petition in accord with Rule 907. This argument lacks merit. Rule 907 is titled, "Disposition Without Hearing," and it is in that circumstance when the rule applies:

> [T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, **and no purpose would be served by any further proceedings**, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa. R. Crim. P. 907(1) (emphasis added). Instantly, the PCRA court decided to conduct further proceedings after reviewing Appellant's petition. The court conducted two hearings before its initial order denying relief, and another hearing in response to Appellant's motion for reconsideration. Because Appellant had the opportunity to present his arguments to the PCRA court during several hearings, no Rule 907 notice was required prior to entry of the order on appeal.

In his next argument, Appellant claims his underlying convictions at docket number 1301 of 2019 resulted from an unlawful wiretap. There are two fatal problems with this argument. First, the record reveals that the trial

court imposed sentence at number 1301 on June 22, 2020. Appellant did not file a direct appeal and therefore the judgment of sentence became final on July 22, 2021. Pursuant to § 9545(b)(1), a PCRA petition must be filed within one year of the date on which the judgment of sentence becomes final or, failing that, the petitioner must plead and prove one the applicability of an exception to the one year requirement. 42 Pa.C.S.A. § 9545(b)(1). The instant petition, filed on September 2, 2021, was facially untimely as to the sentence at number 1301, and Appellant did not plead or prove the applicability of any timeliness exception. The PCRA court therefore lacked jurisdiction to entertain the petition and number 1301. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005) (explaining that the PCRA's timeliness provisions are jurisdictional; courts cannot address the substance of the claims in an untimely petition). And even if the petition was timely, Appellant's challenge to the wiretap is not cognizable under § 9543.[3] This argument fails.

In his third argument, Appellant claims trial counsel was ineffective for failing to challenge the legality of the wiretap at number 1301 and for pleading guilty to charges that had been withdrawn at docket numbers 1294 and 1296

_____

[3] Section 9543 of the PCRA, titled "Eligibility for relief," provides that a petitioner may obtain collateral relief when the sentence resulted from one or more specified errors. 42 Pa.C.S.A. § 9543(a)(2). An unlawful wiretap is not among those. Likewise, Appellant has waived this issue for purposes of collateral review by failing to raise it in a direct appeal. 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b).

of 2019.  As we explained just above, the PCRA court lacked jurisdiction over the petition at number 1301.  Regarding numbers 1294 and 1296, the trial court imposed sentence on March 15, 2021.  Appellant did not file a direct appeal.  The September 2, 2021 petition was a timely first PCRA petition at these dockets.  To prevail on a claim of ineffective assistance, a PCRA petitioner must plead and prove, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction; and (3) that but for counsel's error the result of the underlying proceeding would have been different.  *Commonwealth v. Daniels*, 104 A.3d 267, 281 (Pa. 2014).  The failure to establish any one of these three prongs is fatal to the claim.  *Id.*

Appellant's claims at numbers 1294 and 1296 fail because they lack arguable merit—the record does not support them.  At number 1294, Appellant pled guilty to conspiracy to commit PWID (0.14 grams of fentanyl).  The record reveals that that charge was indeed bound over for trial after the preliminary hearing.  Likewise, at number 1296, Appellant pled guilty to PWID (0.19 grams of fentanyl).  That charge was bound over for trial at the preliminary hearing.  There is no evidence that Appellant pled guilty to withdrawn charges.  Appellant's claims of ineffective assistance of counsel fail.

Appellant's fourth claim is that he was denied the opportunity to obtain testimony from prior counsel in support of his ineffectiveness claims.  In its opinion, the PCRA court explains that Appellant had ample time to subpoena

- 6 -

prior counsel and failed to do so. PCRA Court Opinion, 2/28/23, at 9-10. Appellant offers no substantive basis for rejecting the PCRA court's assessment of this claim, nor does he explain how he preserved this claim before the PCRA court prior to appeal. Regardless, given that Appellant's ineffectiveness claim at number 1301 is time barred and that ineffectiveness claims at numbers 1294 and 1296 lack arguable merit because they flatly contradict the record, there is no conceivable way in which testimony from his prior attorneys could have helped him. The PCRA court did not err in rejecting this argument.

Finally, Appellant argues that the PCRA court erred in denying bail pending this appeal. Appellant relies on Rule of Criminal Procedure 521, which governs bail after a finding of guilt. Pa.R.Crim.P. 521. Rule 521(B) governs bail after sentencing, and bail may be granted in the discretion of the trial judge where the defendant has received a sentence of two years or more. Pa.R.Crim.P. 521. But Rule 521 has no obvious application to appeals from orders denying collateral relief. Moreover, Criminal Rule 534, which governs the duration of the bail obligation, provides that "a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania." Pa.R.Crim.P. 534. Per the official comment to Rule 534, "[t]he intent of this rule is to continue the validity of the bail bond through all avenues of direct appeal in the state courts, **but to exclude state post-conviction collateral proceedings**[.]"

Pa.R.Crim.P. 534, cmt. (emphasis added). Thus, the applicable procedural rules provide no basis for the PCRA court to grant bail pending an appeal from the dismissal of a PCRA petition.

We are cognizant, however, that in **Commonwealth v. McMaster**, 730 A.2d 524, 527 n.1 (Pa. Super. 1999), this Court decided, under a previous version of the Criminal Rules, that a post-conviction relief petitioner may be granted bail pending the disposition of the petition in exceptional cases and for compelling reasons. Assuming without deciding that **McMaster** remains good law under the current procedural rules, Appellant has failed to articulate why this is an exceptional case. Nor does he articulate any compelling reasons why the PCRA court should have released him on bail pending the disposition of this collateral action. We discern no merit in Appellant's final argument.

Because we have found each of Appellant's arguments lacking in merit, we affirm the order dismissing his PCRA petition.

Order affirmed.

J-S34020-23

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2024

- 9 -