J-S38010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD JOHNSON | : | |
| | : | |
| Appellant | : | No. 1345 EDA 2023 |

Appeal from the PCRA Order Entered April 28, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-1104391-2003

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 27, 2025**

Appellant, Edward Johnson, appeals from the April 28, 2023, order of

the Court of Common Pleas of Philadelphia County, which denied his petition

for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-

46.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On September 30, 2004, following a jury trial[, Appellant] was
convicted of rape, endangering the welfare of a child, indecent
assault, corrupting a minor, and indecent assault.  On February
28, 2005, [the trial court] sentenced [A]ppellant to . . . an
aggregate term of twelve and one-half to twenty-five years of
imprisonment.  . . . Following the *nunc pro tunc* reinstatement of
the right to file an appeal, [A]ppellant's direct appeal was
dismissed for failure to file briefs on February 13, 2008.

On September 2020, [A]ppellant filed a *pro se* PCRA petition.
Counsel was appointed and filed an amended petition on

_____

[*] Former Justice specially assigned to the Superior Court.

November 17, 2021. On April 28, 2023, [the PCRA court] denied [A]ppellant PCRA's petition. On May 28, 2023, Appellant . . . filed a Notice of Appeal to the Superior Court.

PCRA Court Opinion, 10/26/23, at 1-2 (emphasis added).

In his PCRA petition, which is facially untimely, Appellant raises several substantive claims for our review (ineffective assistance of trial and appellate counsel and illegality of his sentence).[1] Appellant, however, fails to address the timeliness of his claims. **See** Amended PCRA Petition, 11/17/21, at 2-3 (unnumbered). The PCRA court denied Appellant's petition upon finding that it was untimely. **See** R.Crim.P. 907 Notice, 5/16/23, at 2-3. We agree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "The PCRA's time

_____

[1] Appellant's judgment of sentence became final on March 14, 2008, upon expiration of the thirty-day period for seeking review in the Supreme Court of our dismissal of Appellant's direct appeal. **See** 42 Pa.C.S.A. § 9545(b)(3), Pa.R.A.P. 1133(a); **Commonwealth v. McMaster**, 730 A.2d 524, 527 (Pa. Super. 1999), *appeal denied*, 757 A.2d 930 (Pa. 2000) (where appellant failed to file petition for allowance of appeal to Supreme Court within 30 days of Superior Court decision, direct review of his conviction ended at that point). Appellant had one year, or until March 16, 2009, to file a timely PCRA petition. The instant petition was filed on September 9, 2020, over eleven years after the March 2009 deadline. Accordingly, the underlying petition is facially untimely.

restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Appellant is entitled to no relief. First, as acknowledged by Appellant, the underlying petition is facially untimely. *See* Appellant's Brief at 9. As such, we can entertain it only if one of the timeliness exceptions are applicable. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). It is petitioner's burden to plead and prove the applicability of one of the exceptions, and failure to do so prevents us from entertaining a facially untimely petition. *See*, *e.g.*, *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."). Because Appellant failed to plead and prove that one of the

exceptions is applicable here,[2] we conclude that the underlying petition is untimely. *Id.*

To the extent that Appellant suggests that the two claims raised here are not subject to the PCRA time-limitations rules, Appellant is mistaken. *See*, *e.g.*, *Commonwealth v. Hernadez*, 2024 WL 4751491, unpublished memorandum, at \*2 (Pa. Super. November 12, 2024) ("a claim of illegal sentence and ineffective assistance of counsel are cognizable under the PCRA[.]"); *see also* 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(ii).

Because these claims are cognizable under the PCRA, they must be timely raised for courts to entertain them. *See*, *e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"); *Commonwealth v. Brown*, 943 A.2d 264, 277 (Pa. 2008) (Baer, J., dissenting) ("*all* ineffective assistance of counsel claims necessarily are cognizable under the PCRA and therefore are subject to its time limits and not amenable to any relief outside the PCRA") (emphasis in original). Again, because Appellant failed to plead and prove that these claims are timely, we cannot entertain them.

On appeal, Appellant argues, for the first time, that he was never properly informed of the PCRA time limitations. Appellant's Brief at 23. Therefore, he "asserts that his petition should be deemed timely, in the

---

[2] Appellant acknowledges that his petition "does not directly satisfy one of the time-bar exceptions to the PCRA." Appellant's Brief at 9.

interest of justice and pursuant to notions of fair play and procedural due process." *Id.* Specifically, he argues that "procedural due process requires that [a defendant] be advised at sentencing of the one[-]year time constraint of a PCRA petition[.]" *Id.* at 25.

The argument is identical, word for word, to the argument an appellant raised in **Commonwealth v. Montanez**, 2022 WL 2965801, unpublished memorandum at *3 (Pa. Super. 2022). Also, as in **Montanez**, Appellant here raised this claim on appeal for the first time.

The mere fact that the claim was raised on appeal for the first time is in itself dispositive. In fact, to the extent that it can be deemed before us, the claim is waived. *Id.*; *see also* Pa. R.A.P. 302(a).

In any event, on the merits, in disposing of Appellant's novel timeliness claim, we repeat here the same analysis and same conclusions as in **Montanez**:

> it is beyond cavil that this Court is precluded from creating equitable, ad hoc exceptions to the timeliness mandates of the PCRA. **Accord** [**Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)]; [**Commonwealth v. Brown**, 943 A.2d 264, 267 (Pa. 2008)]. It is equally well-settled that this Court lacks the authority to accept Appellant's invitation to create a dramatically new procedural rule of law from whole cloth in order to reach the merits of Appellant's PCRA petition. **See** [**Commonwealth v. McMullen**, 961 A.2d 842, 847 (Pa. 2008)] (confirming that the Pennsylvania Supreme Court "retains exclusive rule-making authority to establish rules of procedure" under the Pennsylvania Constitution) (citing PA. Const. art. v., § 10). Finally, this panel lacks the necessary authority to overrule our well-rooted precedent precluding the creation of equitable exceptions to PCRA timeliness. **See Commonwealth v. Crowley**, 605 A.2d 1256, 1257 (Pa. Super. 1992) ("[P]recedent (*stare decis*[*is*]) requires us

to adhere to a ruling . . . until it is reversed either by our Supreme Court or an *en banc* panel of [the] Superior Court."). Even were we so inclined, we could not provide the relief Appellant seeks under these circumstances.

*Montanez*, at *4.

For the foregoing reasons, we affirm the April 28, 2023, order dismissing the underlying petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2025