J-A11026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES SMITH | : | |
| | : | |
| Appellant | : | No. 1423 EDA 2021 |

Appeal from the PCRA Order Entered June 7, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010869-2012

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED AUGUST 31, 2022**

Appellant, James Smith, appeals *pro se* from the June 7, 2021[1] order entered in the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

_____

[1] The notice of appeal, which was filed on July 6, 2021, erroneously states that Appellant was appealing from a July 7, 2021 order. The trial court docket, which Appellant attached to the notice of appeal, reveals no order entered on July 7, 2021. In response to our rule to show cause why the appeal should not be quashed because no order had been entered on July 7, 2021, Appellant attached a copy of the order being appealed, which was entered on June 7, 2021. Our Court discharged the rule to show cause and referred the issue to the merits panel. **See** 10/12/21 Order. As there were no proceedings on July 7, 2021, we presume this to be a typographical error, which we may excuse under Pa.R.A.P. 105(a). Such a typographical error may be corrected and does not require dismissal of the appeal. **See**, **e.g.**, **Commonwealth v. Mysnyk**, 527 A.2d 1055, 1056 n.2 (Pa. Super. 1987). The caption has been corrected to state that the appeal is from the Order Entered June 7, 2021.

On June 4, 2012, [Appellant] was arrested and charged with murder and related offenses.  On January 13, 2014, [Appellant] appeared before [the trial court] and entered into a negotiated guilty plea to third-degree murder, possession of firearms prohibited, and possession of an instrument of crime.  On the same day, [the trial court] sentenced [Appellant] to the negotiated sentence of twenty to forty years['] imprisonment for third-degree murder, a consecutive term of three to ten years['] imprisonment for [possession of firearm prohibited], and a concurrent term of one to two years['] imprisonment for [possession of an instrument of crime], for a total sentence of twenty-three to fifty years of imprisonment.

On October 8, 2014, [Appellant] filed an untimely post-sentence motion, which [the trial court] treated as a [PCRA] petition.  On March 30, 2015, after appointed counsel filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), [the PCRA court] dismissed the petition and [Appellant] did not appeal.

On October 3, 2016, [Appellant] filed a second *pro se* PCRA petition, which [the PCRA court] dismissed on March 29, 2017.  On [April 4, 2017], [Appellant] filed a notice of appeal with the Superior Court of Pennsylvania.  On August 16, 2017, the Superior Court dismissed his appeal for failure to file a brief.

On April [8], 2021, [Appellant] filed the instant *pro se* PCRA petition, his third.  On April 20, 2021, [the PCRA court] filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.  On May 7, 2021, [Appellant] filed a 907 response.  [The PCRA court denied the instant PCRA petition on June 7, 2021.]

PCRA Court Opinion, 6/7/21, at 1-2 (unnecessary capitalization and footnote omitted).

On appeal, Appellant argues that the PCRA court erred in not finding PCRA counsel ineffective for failing to challenge plea counsel's ineffectiveness. Appellant's Brief at 4.  We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Where the record supports the PCRA court's findings of fact, they are binding on this Court. *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014). We review the PCRA court's legal conclusions *de novo*. *Id.*

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[2] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v.* (*Frank*) *Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

---

[2] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, our courts have expressly rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition. *See*, *e.g.*, *Commonwealth v. Gamboa-Taylor*, 753 A.2d 785 (Pa. 2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits).

The PCRA court in addressing Appellant's claim of ineffective assistance of counsel noted the following:

> The instant petition is facially untimely. Because [Appellant] failed to file a timely post-sentence motion, his judgment of sentence became on February 14, 2014, thirty days after his period to file a notice of appeal with the Superior Court of Pennsylvania expired. [Appellant] had one year from that day to file a timely PCRA petition. The instant petition was filed on April [8], 2021, six years and two months after the time to seek collateral review.

PCRA Court Opinion, 6/7/21, at 3. We agree with the PCRA court's analysis and conclusions.

We also agree with the PCRA Court's analysis and conclusions about Appellant's failure to plead and prove in the PCRA petition the applicability of the exceptions to the time bar of the PCRA.[3] In fact, the PCRA court noted that in the instant PCRA petition, Appellant "makes no attempt to argue that

---

[3] Appellant's request for relief due to ineffective assistance of counsel does not implicate any of the timeliness exceptions. *See Gamboa-Taylor*, *supra*.

- 4 -

his petition falls into one of the . . . enumerated statutory exceptions to the timeliness requirements." *Id.* at 4.

Similarly, in his appellate brief, Appellant addresses at length the merits of his ineffective assistance of counsel claims, never explaining, however, which one, if any, of the three statutory exceptions is applicable here.

In his brief before us, Appellant includes a reference to ***Martinez v. Ryan***, 566 U.S. 1 (2012), which, in Appellant's estimation, renders the instant PCRA petition timely. ***Martinez***, however, does not aid Appellant.

In ***Martinez***, the U.S. Supreme Court held that, where counsel is ineffective in a prior, initial state collateral review proceeding, and where the ineffectiveness caused the petitioner to procedurally default on a substantive claim, counsel's ineffectiveness "may provide cause [to excuse a] procedural default in a <u>federal *habeas* proceeding</u>." ***Martinez***, 566 U.S. at 8 (emphasis added). A state PCRA proceeding, like the instant one, is not the same as a federal *habeas* proceeding. Second, the ***Martinez*** Court explicitly stated that it was not handing down a "constitutional ruling" and that it was not recognizing a new constitutional right. ***Martinez***, 566 U.S. at 16-17. Thus, ***Martinez*** affords Appellant no relief. ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) ("As the [Supreme] Court made clear, ***Martinez*** did not recognize a new constitutional right that the [s]tates are obliged to accommodate in any specific fashion."); ***Commonwealth v. Saunders***, 60 A.3d 162 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert.*

- 5 -

*denied*, 571 U.S. 1144 (2014) (explaining that **Martinez** represents significant development in federal *habeas* corpus law, *but it is of no moment with respect to the PCRA's time bar*).

Because the instant PCRA petition is facially untimely and Appellant failed to plead and prove the applicability of one of the exceptions to the time bar of the PCRA, we have no jurisdiction to entertain the merits of the instant PCRA petition. **See Chester**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2022